# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

### CASE NO. 20-21553-COOKE/GOODMAN

PATRICK GAYLE, et al.,

    Plaintiffs,

v.

MICHAEL W. MEADE, et al.,

    Defendants.

_____/

### POST-HEARING ADMINISTRATIVE ORDER

On April 14, 2020, the Undersigned held an emergency telephonic status conference regarding an expedited briefing schedule and the scheduling of an emergency hearing. [ECF No. 15]. At the hearing, the Undersigned **ordered** as follows:

**A. Deadlines**

1. If the parties consent to the Undersigned's jurisdiction for purposes of entering an order (as opposed to a report and recommendations) on Plaintiffs' Emergency Motion for Temporary Restraining Order and/or Motion for Preliminary Injunction [ECF No. 4], then the parties shall file a joint notice of consent by April 15, 2020 at 10:00 a.m. The parties can consent for one motion but not the other, if they wish. The parties shall not, however, file anything to indicate which party took which position on the consent issue (other than a notice advising that all parties consented).

Thus, as discussed at the telephonic status conference, if the parties do not jointly consent to the Undersigned's jurisdiction, then no notice shall be filed.

2. By April 16, 2020 at 12:00 p.m., the Defendants shall submit either a declaration or multiple declarations explaining what is being done at each of the three subject detention facilities to address the risk of the spread of COVID-19.

The declaration(s) should directly respond to the allegations of the complaint and the emergency motion. [ECF Nos. 1; 4]. For example, if the complaint alleges that there are "cohort quarantines" where people are being quarantined in different groups at the detention centers, then Defendants will respond to that allegation. As discussed, the declaration(s) should be as detailed and thorough as possible.

Although this is not intended to be an exhaustive list of points which should be addressed in the declarations, the declarations should explain, on a center-by-center basis, (1) how many detainees are being kept in "cohort" groups, how many are in each group, the nature and size of the room in which the cohorts are being kept, and the range of COVID-19 symptoms being exhibited in each group (e.g., mild loss of taste and a modest temperature increase to sustained coughing, loss of taste and significant temperature spikes); (2) whether staff members are issued masks and gloves, and, if only some staff members are receiving equipment, a description of the types of staffers who are receiving equipment and a similar description of those who are not; (3) the distance between bunks/beds, and, if the distances vary, all the distances should be provided; (4)

the distance between chairs or benches in the areas where the detainees eat; (5) the distance between showers; (6) the distance between toilets; (7) whether detainees exhibiting symptoms of COVID-19 are issued masks and/or gloves; (8) whether detainees are provided oral or written instructions on how to practice social distancing and other mitigation efforts, and, if so, what they are told and how the instructions are provided to newly-arrived detainees; (9) what other options have been explored at each facility other than cohort quarantining; (10) whether the detention center has COVID-19 test kits and, if so, whether and under what circumstances they are being used; (11) the amount of soap provided to each detainee, and how often the soap is dispensed; (12) the number of detainees (including those taken to off-site medical facilities) and staff members who have tested positive for COVID-19; (13) the number of detainees (including those who have been transferred since the tests were administered) who have been tested for COVID-19; and (14) how the detention centers' managers determine which detainees are at a heightened medical risk for contracting COVID-19.

3. By April 17, 2020 at 12:00 p.m., Defendants shall file their opposition response to the emergency motion for a temporary restraining order.

4. The Undersigned will hold a substantive hearing on April 17, 2020 at 4:00 p.m., which will discuss whether or not Plaintiffs' emergency motion should be granted or denied in whole or in part.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on April 14, 2020.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All counsel of record