UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 20-21553-COOKE/GOODMAN**

PATRICK GAYLE, et al.,

      Plaintiffs,
v.

MICHAEL W. MEADE, et al.,

      Defendants.
_____/

## **SUPPLEMENTAL ORDER ON CLASS ACTION MOTION BRIEFING**

The parties will soon be submitting additional memoranda on Plaintiffs' expedited motion for class certification. [I recognize that Plaintiffs' reply is *technically* only optional, but the importance of the underlying issues and the existence of myriad law firms and public interest groups and attorneys on Plaintiffs' legal term strongly suggests that a reply will, in fact, surely be filed].

In the past two months since the COVID-19 pandemic first became a crisis confronting our country (and the entire world, for that matter), myriad inmates, prisoners, and detainees have filed lawsuits all across the country, challenging the conditions of their confinement as too risky in the face of the virus. Many of those lawsuits sought (or still seek) class certification. The parties' memoranda should discuss the rulings made in these Coronavirus-related class certification motions and argue

whether they should apply here.

In addition, the additional legal memoranda should also discuss yesterday's Eleventh Circuit Court of Appeals ruling in *Swain v. Junior*, No. 20-11622 (11th Cir.), which is an appeal from the District Court (20-CV-21457-KMW (S.D. Fla.)). In a 2-1 published opinion with a written dissent, our Appellate Court granted a motion to stay the District Court's preliminary injunction pending an appeal by the Defendants (i.e., Miami-Dade County and the Director of its Corrections and Rehabilitations Department). The preliminary injunction, which was stayed, required the Defendants in that similar case to use myriad safety measures to prevent the spread of COVID-19 at the Metro West jail.

Because yesterday's ruling is a published decision, it is now the law in the Eleventh Circuit, and therefore must be followed unless the same panel grants a motion for rehearing (should one be filed) and changes its ruling, or unless the Appellate Court grants a motion for rehearing *en banc* (should one be filed) and enters a substantively different ruling. For now, though, *Swain* is the controlling law in this Circuit.

The *Swain* Court considered the Plaintiff's § 1983 claim that Defendants violated the Eighth and Fourteenth Amendments through their purportedly deliberate indifference to the COVID-19 risks affecting the jail detainees. The Court noted that an Eighth Amendment challenge has two components: an objective one and a subjective one.

To prevail on the objective component, a plaintiff must show "an objectively

intolerable risk of harm."

To satisfy the subjective component, a plaintiff must show that the prison official "acted with deliberate indifference." The *Swain* Court noted that the deliberate indifference element requires a prison official to have a subjective "state of mind more blameworthy than negligence."

The Eleventh Circuit held that the District Court "incorrectly collapsed" the subjective and objective components. Moreover, it held that the Defendants are likely to prevail on appeal.

More specifically, the Eleventh Circuit held that the trial court "treated the increase in COVID-19 infections as proof that the Defendants deliberately disregarded an intolerable risk," an approach which "likely violated the admonition that resultant harm does not establish a liable state of mind." It likewise held that the Defendants are likely to prevail for the additional reason that Plaintiffs "offered 'little evidence' to suggest that the Defendants were deliberately indifferent." Instead, the Appellate Court held, the evidence supports the conclusion that the Defendants "are taking the risk of COVID-19 seriously."

Many of the problematic conditions at the Metro West jail (e.g., the impossibility of achieving "social distancing") are also present at the three South Florida immigration detention facilities at issue in the instant case. But *Swain* held that the provisions of the preliminary injunction (e.g., specifying specific measures which county jail officials must

3

take, such as requiring that soap and mask be provided) are illustrations of a scenario where the District Court designated itself as a *de facto* "super-warden" and incorrectly required those officials to, in effect, obtain a "permission slip" from the Court before taking action at the jail.

Several of the measures in the preliminary injunction stayed in *Swain* are similar to, and at times identical to, the measures included in the temporary restraining order issued by the District Court in this case. Unlike the Defendants in *Swain*, however, the Defendants here (ICE, for all practical purposes) have not filed a notice of appeal. Instead, they have filed reports which provide information on what steps they have taken in response to the TRO.

Framed by this recent legal development in *Swain*, the parties should discuss how, if at all, that case affects the merits of Plaintiffs' claims here and whether it should impact the class action assessment.

As a general rule, courts do not evaluate the merits of a lawsuit when determining whether to grant a class certification motion. On the other hand, the merits can be considered to the extent they relate to the class action analysis.

Some parties litigating class action motions urge the view that even a weak merits case should not prevent certification of the class because the class will all succeed or fail together on the merits.

Therefore, in the immortal words of law professors everywhere, "please discuss."

**DONE AND ORDERED** in Chambers, in Miami, Florida, on May 6, 2020.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All counsel of record