UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-21553-Civ-COOKE/GOODMAN

**PATRICK GAYLE**, *et al.*,

    Petitioners-Plaintiffs, on behalf of
    themselves and those similarly situated,

**v.**

**MICHAEL W. MEADE**, *et al.*,

    Respondents-Defendants.

_____/

**PETITIONERS-PLAINTIFFS' MEMORANDUM
REGARDING *MONEY V. PRITZKER* IN RESPONSE TO
POST-HEARING ADMINISTRATIVE ORDER**

Per the Court's invitation, this memorandum briefly addresses whether *Money v. Pritzker, et al.*, No. 20-cv-2093, 2020 WL 1820660 (N.D. Ill. Apr. 10, 2020), impacts this Court's class certification analysis. [*See* ECF 99]. As explained below, it does not. The district court in *Money* ruled that class certification was improper because the **sole** relief the plaintiffs sought was release from confinement. And the district court ruled that with that framing, the case was not amenable to class certification "because the possibility of release is an inherently inmate-specific inquiry." 2020 WL 1820660, at *2. But here, Petitioners-Plaintiffs challenge ICE's general failure to protect them from the risk of COVID-19 infection. And the Court can—and already has—ordered relief that inures to the benefit of the Named Petitioners-Plaintiffs and the Class Members alike. [ECF 76.][1]

---

[1] At the May 14 class certification hearing, there was discussion of whether ECF 76 granted a preliminary injunction in addition to a temporary restraining order. On May 15, the Court entered an Endorsed Order [ECF 101] making clear that ECF 76 is a "TRO" and

1

The *Money* plaintiffs are serving criminal sentences in state custody and brought a habeas corpus action against the Illinois Department of Corrections and other state defendants. *Id.* at *2. In framing their claims, the district court was careful to note that the plaintiffs did "not ask to improve the cleanliness of the prisons, or increase the amount of space between inmates at each facility, and so on." *Id.* at 1. Instead, the plaintiffs asked the court "to force the state executive branch to start a process for the potential release of thousands of inmates, through medical furlough or home detention under state law, and do so within one week." *Id.* The district court denied certification because that plaintiffs did not satisfy Rule 23(a)'s commonality requirement. *Id.* at *14-15.

Crucial to this determination was the specific relief the plaintiffs' sought: release. As the court explained, this would necessarily require the court to analyze a host of factors and interests as to each class member:

> [T]he public interest—which must be taken into account when considering a TRO or preliminary injunction—mandates individualized consideration of any inmate's suitability for release and on what conditions, for the safety of the inmate, the inmate's family, and the public at large. From the inmate's perspective, his or her own health status at the relevant time is paramount. Any inmate who is exhibiting symptoms of infection may be more suitable for quarantine or even transfer to a hospital. From the family perspective, an inmate who has been exposed to someone (inmate or IDOC personnel) who has tested positive may not be suitable for furlough, particularly if the inmate's proposed destination is a residence already occupied by someone equally or more vulnerable. And from the public's perspective, it is important to bear in mind that some portion of the incarcerated population has been convicted of the most serious crimes—murder, rape, domestic battery, and so on. Seven of the ten named Plaintiffs in fact are serving time for murder. As Plaintiffs rightly acknowledge, some release orders would be appropriate only with conditions, such as home detention or lesser forms of supervision. And those conditions can only be imposed with resources (e.g., electronic monitors) and personnel,

---

that the motion for preliminary injunction is still pending. The undersigned counsel therefore stands corrected.

> who are both limited in supply and also subject to the same social distancing imperatives as everyone else.

*Id.* at *14. The court thus ruled that this "imperative of individualized determinations" defeated commonality and, thus, class certification. *Id.* at *15.

But this case is quite different. While Petitioners-Plaintiffs seek release, lacking that they also seek equitable relief forcing ICE to comply with its obligations under the Fifth and Eighth Amendments and under the CDC Guidelines and other binding guidelines under the *Accardi* doctrine. [ECF 81 at 8.] Petitioners-Plaintiffs argue that ICE is denying proposed class members "the same opportunity to socially distance, the same soap and cleaning items, and the same personal protective equipment." [*Id.* at 19.] Petitioners-Plaintiffs have asked this Court to provide "a comprehensive plan that addresses **all people being** detained by Respondents at the three facilities." [*Id.* (emphasis added).]

Not only that, the Court has already granted Petitioners-Plaintiffs common relief on this basis. The Court's April 30 Temporary Restraining Order [ECF 76] mentions not one fact specific to the Named Petitioners-Plaintiffs. And yet, the Court had no trouble finding that the all of Named Petitioners-Plaintiffs have shown a likelihood of success on the merits. [*Id.* at 6-7 (constitutional claims), 9 (*Accardi* claim).] The Court then awarded relief that will benefit everyone detained at Krome, Glades, and BTC. It mandated that ICE "comply with the CDC and ICE guidelines on providing adequate amounts of soap and water and cleaning materials **to detainees at each of the three detention centers at issue**." [*Id.* at 11 (emphasis added).] It required ICE to provide "masks to **all detainees**" to be replaced "at least once per week." [*Id.* (emphasis added).] It further ordered ICE to "provide education and training about measures to reduce the health risks associated with COVID-19 to **all staff members**

3

**and detainees** and to any new detainees or employees . . . without any costs to the detainees." [*Id.* (emphasis added).]

Given the virulent, highly communicable nature of the airborne, novel coronavirus, the measures the Court has ordered benefit **every person** held at those three facilities. And yet, the Court has provided this common relief without delving into the particulars of a single Petitioners-Plaintiff. The Court's ability to order common relief based solely on common issues stands in stark contrast to the individualized release evaluations that drove the *Money* court's conclusions. Petitioners-Plaintiffs therefore submit that *Money* is not analogous precedent; rather, the analogous precedents are the decisions outlined in our reply that certified class actions.

Date:   May 18, 2020

                                                   Respectfully Submitted,

                                                   */s/ Scott M. Edson*
                                                   Scott M. Edson, Esq.
                                                   Florida Bar No. 17258

| | |
|---|---|
| Gregory P. Copeland* | Scott M. Edson, Esq. |
| Sarah T. Gillman* | Florida Bar No. 17258 |
| **RAPID DEFENSE NETWORK** | **KING & SPALDING LLP** |
| 11 Broadway, Suite 615 | 1700 Pennsylvania Avenue NW, STE 200 |
| New York, NY 10004 | Washington, DC 20006-4707 |
| Tel.: (212) 843-0910 | Telephone:  (202) 737-0500 |
| Fax: (212) 257-7033 | Facsimile:  (202) 626-3737 |
| gregory@defensenetwork.org | sedson@kslaw.com |
| sarah@defensenetwork.org | |
| **Appearing Pro Hac Vice* | |

Rebecca Sharpless
Florida Bar No. 0131024
Romy Lerner
Florida Bar No. 116713
**UNIVERSITY OF MIAMI SCHOOL OF LAW - IMMIGRATION CLINIC**
1311 Miller Drive Suite, E-273
Coral Gables, Florida 33146
Tel: (305) 284-3576
Fax: (305) 284-6092
rsharpless@law.miami.edu

Paul R. Chavez
FL Bar No. 1021395
Maia Fleischman
FL Bar No. 1010709
**SOUTHERN POVERTY LAW CENTER**
2 S. Biscayne Blvd., Ste. 3200
Miami, FL 33101
Tel: (305) 537-0577
paul.chavez@splcenter.org
maia.fleischman@splcenter.org

Lisa Lehner
Florida Bar No. 382191
**AMERICANS FOR IMMIGRANT JUSTICE**
5355 NW 36 Street, Suite 2201
Miami, FL 33166
Tel: (305) 573-1106 Ext. 1020
Fax: (305) 576-6273
Llehner@aijustice.org

Kathryn S. Lehman
Florida Bar No.: 95642
Chad A. Peterson
Florida Bar No.: 91585
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
klehman@kslaw.com
cpeterson@kslaw.com

Mark Andrew Prada
Fla. Bar No. 91997
Anthony Richard Dominguez
Fla. Bar No. 1002234
**PRADA URIZAR, PLLC**
3191 Coral Way, Suite 500
Miami, FL 33145
Tel.:   (786) 703-2061
Fax:    (786) 708-9508
mprada@pradaurizar.com
adominguez@pradaurizar.com

Andrea Montavon McKillip
Florida Bar No. 56401
**LEGAL AID SERVICE OF BROWARD COUNTY, INC.**
491 North State Road 7
Plantation, Florida 33317
Tel. (954) 736-2493
Fax (954) 736-2484
amontavon@legalaid.org

*Counsel for Petitioners-Plaintiffs*

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/ *Scott M. Edson*
Scott M. Edson, Esq.
Florida Bar No. 17258
**KING & SPALDING LLP**
1700 Pennsylvania Avenue NW, STE 200
Washington, DC 20006-4707
Telephone:  (202) 737-0500
Facsimile:  (202) 626-3737
sedson@kslaw.com

*Attorney for Petitioners-Plaintiffs*