UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 20-21553-CIV-COOKE/GOODMAN

PATRICK GAYLE, et al.,

    Petitioners,

v.

MICHAEL W. MEADE, et al.,

    Respondents.
_____/

RESPONDENTS' RESPONSE TO PETITIONERS' LEGAL MEMORANDUM
ON MONEY v. PRITZKER

Respondents, by and through their undersigned counsel, file their Response to Petitioners' Legal Memorandum on Money v. Pritzker, and state:

In Money v. Pritzker, -- F.Supp.3d --, 2020 WL 1820660 (N.D. Ill. Apr. 10, 2020), the district court correctly found that "[t]he imperative of individualized determinations recognized by both sides in this case, makes this case inappropriate for class treatment." Id. at *15. Petitioners argue that the district court's finding in Money is inapplicable since the plaintiffs in that case sought release as its sole form of relief. D.E. 103 at 1. While petitioners admit that they also seek release, they add that they also seek equitable relief to force ICE to comply with its obligations under the Fifth and Eighth Amendments, as well as the CDC Guidelines and other binding guidelines. D.E. 103 at 3.

In Money, the district court focused on the commonality requirement in Fed.R.Civ.P. 23(a)(2), observing that, "[c]ommonality requires at least one question common to all of the class members, the answer to which is 'apt to drive the resolution of the litigation.'" 2020 WL 1820660 at *14, citing Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011).   The district

court found commonality lacking because deciding who was entitled to release required a consideration of individualized safety assessments and approved home sites. "Each putative class member comes with a unique situation – different crimes, sentences, outdates, disciplinary histories, age, medical history, places of incarceration, proximity to infected inmates, availability of a home landing spot, likelihood of transmitting the virus to someone at home detention, likelihood of violation or recidivism, and danger to the community." Id. at *15.

Petitioners' claims of deliberative indifference to their serious medical needs, as well as their claim that the CDC Guidelines are not being met, require the same individualized determinations which the district court in Money found precluded class certification.  While the Money plaintiffs sought to certify six subclasses, Id. at *6, petitioners propose one class:

> All civil immigration detained individuals held by Respondents at the Krome Service Processing Center ("Krome"), the Broward Transitional Center ("BTC"), or at Glades County Detention Facility ("Glades") when this action was filed, since this action was filed, or in the future.

D.E. 81 at 5.  The putative class members include detainees at three different facilities, each with its different physical plant, as well as detainee population.  Moreover, the putative class members have unique characteristics, including their age, gender, general state of health, and specific medical conditions which might render them more vulnerable to COVID-19 infection. Indeed, in the habeas petition, the health conditions of individual petitioners have been included. D.E. 1, ¶¶ 33 (Roseline Ostine); 35 (Adrian Sosa Fletes); 37 (Javier Antonio Arias-Martinez); 38 ( Alejandro Ferreira Borges); 40 (Franklin Ramon Gonzalez); 41 (Maikel Betancourt); 43 (Gelber Sontay Funez); 44 (Juan Carlos Alfaro Garcia); 46 (Irvin Mendoza Silis); 47 (Gerardo Vargas); 48 (Sirvanildo Bibiano Soares); 49 (Abdul Jalloh); 50 (Darwyn Yovanny Navarrete Sanchez)l 51 (Muhammad Alam Khan); 52 (Jose Chavez); 53 (Dairon Barredo Sanchez); 54

(Maykel Valera Ramirez); 57 (Agane Warsame); 58 (Hassan Mohamed Farah); 59 Ruben Orlando Flores Ramon); 60 (Mohamed Hasan); 62 (Cesar Ariel Mendez Escobar); and 63 (Ervin David Rodas Pedro)

A deliberate indifference claim entails both an objective and a subjective component. Keohane v. Fla. Dept. of Corrections Secretary, 952 F.3d 1257, 1266 (11th Cir. 2020), citing Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004).  First, the inmate must establish "an objectively serious medical need," which is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity of a doctor's attention." Id. at 1351 (citations omitted).  To establish the second element, deliberate indifference to a serious medical need, the inmate must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence. Id.

Petitioners included their medical conditions because they believed those are relevant facts insofar as whether ICE has been deliberately indifferent to their risk of contracting the COVID-19 virus.  Presumably, petitioners believe ICE is obligated to take into account their unique medical conditions because such conditions create a risk of serious harm to them, and the disregard of that risk, by conduct more than mere negligence, would constitute deliberate indifference to their serious medical need.

In order to obtain injunctive relief on their deliberate indifference claim, petitioners must establish a substantial likelihood of success.  Plainly, the unique facts in each petitioners' circumstances would have to be considered by the Court to determine the likelihood of success in showing deliberate indifference.  Moreover, other circumstances such as amenability to release under the Immigration and Nationality Act must be considered, since petitioners argue

3

that release from detention should occur since ICE is unable to provide constitutionally-adequate protection from the COVID-19 virus. Some of the petitioners are mandatory detention cases under 8 U.S.C. § 1226(c). Other putative class members have factors in their backgrounds, such as pending criminal charges, which make them a risk to the public if released.[1]

Petitioners' Accardi claim, which focuses on ICE compliance with CDC Guidelines, also requires individualized determinations as to whether the Guideline requirements have been met. In the Court's temporary restraining order, it found that "substantial compliance does not pass muster under the *Accardi* doctrine. At BTC, beds in male rooms are only two feet apart, when they should be six feet apart under the CDC Guidelines." D.E. 76 at 8 (citations omitted). Thus, examination of each detainee's living space, at Krome, BTC, and Glades, would be required to determine if the Guidelines were being met.

In Dukes, the Supreme Court noted that commonality requires the plaintiff to demonstrate that the class members "have suffered the same injury," but hastened to add that, "[t]his does not mean merely that they have all suffered a violation of the same provision of law." 564 U.S. at 350. Thus, it was not sufficient for the class members to claim they all suffered from a violation of Title VII. In this case, it is not sufficient for all petitioners to claim ICE has been deliberately indifferent to their serious medical needs, or ICE violated CDC Guidelines in their respective cases. Such claims are not capable of classwide resolution, "which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Id. Instead, petitioners' claims will require

---

[1] In the Court's Order Adopting in Part Magistrate Judge's Report and Recommendation, the Court directed respondents to evaluate each of the 34 named petitioners for release consistent with the ICE's Pandemic Response Requirements. D.E. 76 at 10. The Court directed that, "ICE must take into consideration the detainees' current health status, eligibility for bond, immigration status, immigration court history and orders, and prior criminal history." Id.

individualized determinations.   Consequently, class certification is inappropriate.

DATED:  May 21, 2020                      Respectfully submitted,

                                       ARIANA FAJARDO ORSHAN
                                       UNITED STATES ATTORNEY

By:     __s/ Dexter A. Lee_____
        DEXTER A. LEE
        ASSISTANT U.S. ATTORNEY
        Florida Bar No. 0936693
        E-mail: dexter.lee@usdoj.gov
        99 N.E. 4th Street, Suite 300
        Miami, Florida 33132
        Telephone: (305) 961-9320


By:     __s/ Natalie Diaz_____
        NATALIE DIAZ
        ASSISTANT U.S. ATTORNEY
        Florida Bar No. 85834
        E-mail: Natalie.Diaz@usdoj.gov
        99 N.E. 4th Street, Suite 300
        Miami, Florida 33132
        Telephone: (305) 961-9306

Counsel for Respondents

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 21, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.


                                       __s/ Dexter A. Lee_____
                                       DEXTER A. LEE
                                       Assistant U.S. Attorney