UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-21553-Civ-COOKE/GOODMAN

**PATRICK GAYLE**, *et al.*,

    Petitioners-Plaintiffs, on behalf of
    themselves and those similarly situated,

**v.**

**MICHAEL W. MEADE**, *et al.*,

    Respondents-Defendants.
_____/

**PLAINTIFFS' EMERGENCY MOTION TO COMPEL COMPLIANCE WITH THE COURT'S JUNE 6, 2020 PRELIMINARY INJUNCTION**

In its June 6, 2020 Omnibus Order, the Court stated that "in this moment of worldwide peril from a highly contagious pathogen, the Court is not satisfied that ICE's commitment to detention has meaningfully shifted since the start of the pandemic. Even with the TRO in place, people detained by ICE at the three facilities report that (1) social distancing is still impossible, (2) education on the use and importance of masks is inconsistent, (3) transfers are conducted haphazardly, and (4) cohorting is conducted in a manner that substantially increases the risk of spread of the contagion." [ECF 158 at p. 37.]

Unfortunately, ICE still has not received the message about its obligations to protect the people in its custody from COVID-19. Despite the Court's Order granting the preliminary injunction, and despite the history of this litigation itself, ICE refuses to comply with the Court's instructions. Conditions at these facilities have predictably deteriorated. Petitioners therefore ask the Court to take further steps to enforce its injunction.

**Improper Cohorting Practices**

The Court's June 6 Order states that "ICE shall not engage in the practice of cohorting unless ICE confirms through testing or other means that a prospective cohort candidate is a confirmed COVID-19 case." [ECF 158 at p. 40] However, the attached declarations show that this Court's directive has not altered ICE's practice, and in fact, people with confirmed

1

cases of COVID-19 are frequently placed in a cohort with people who have not been confirmed to have COVID-19, all but ensuring the unchecked spread of COVID-19 throughout the detention facilities.

- Petitioner Steve Cooper (who testified at the June 3 Hearing) is in a pod with about 25 people who have tested positive for COVID-19 who are housed with people who have not been tested. Cooper Decl. at ¶ 12 (Ex. A). As of June 9, 2020, counsel for Respondents had advised the Mr. Cooper had not tested positive for COVID-19. *See* June 9, 2020 email from Lee to Lehner (Ex. B).

- Petitioner Astley Thomas tested positive for COVID-19 on June 4, 2020 and is in a pod with approximately 61 people, many who do not have a confirmed case of COVID-19. Thomas Decl. at ¶ 8 (Ex. C).

- Petitioner Jermaine Scott has been told he tested positive for COVID-19 and is in a pod with asymptomatic people. Scott Decl. at ¶ 24 (Ex. D).

- Petitioner Roberto Leon tested positive for COVID-19. In the "pod where [he] is assigned, there are both people who have tested positive for COVID-19 and people who have not been tested." Leon Decl. at ¶ 15 (Ex. E). There are 40 people in Mr. Leon's pod who have not been tested. *Id*.

- Petitioner Paul Hamilton is housed with someone who has tested positive for COVID-19. Hamilton Decl. at ¶ 17 (Ex. F). His pod "is a mix of people who have tested positive for COVID-19, those who are waiting for their test results, and individuals like myself who have not been tested." *Id*. at ¶ 27.

- Petitioner Terrance Taylor is in a pod with people who have tested positive for COVID-19 and people are not "given the chance to [] live separately from those who are COVID-19 positive." Taylor Decl. at ¶ 32 (Ex. G).

- Petitioner Pedro Ortega tested positive for COVID-19 at Krome. He was taken out of medical isolation on June 11, 2020 and put back in his unit and remained there until "people in his unit found out he tested positive for the virus they became furious and started yelling that he needed to leave." Potes Decl. at ¶ 7 (Ex. H).

**Failing to Provide Cleaning Supplies**

The Court's Order requires ICE to "[p]rovide cleaning supplies for each housing area and CDC-recommended disinfectants in sufficient quantities to facilitate frequent cleaning, including in quantities sufficient for each inmate to clean and disinfect the floor and all surfaces of his own housing cubicle, and provide new gloves and masks for each inmate during each time they are cleaning or performing janitorial services." [ECF 158 at p. 38.]

2

That is still not being done consistently. At Glades, the detained men are not given enough cleaning supplies to clean the bathrooms and common areas. Warner Decl. at ¶ 13 (Ex. I); Monge Decl. at ¶ 13 (Ex. J).

### Inadequate Mask Supply and Inconsistent Usage

The Order requires that ICE "[p]rovide all inmates and staff members with masks and educate them on the importance and proper use of masks." [ECF 158 at p. 38.] Yet, this is not being done. *See* Scott Decl. at ¶ 15 ("We are given masks, but they are often dirty and broken. The masks are replaced inconsistently."); Warner Decl. at ¶ 14 ("We are given masks approximately once per week, but they break very easily so we are not always able to use them."); Monge Decl. at ¶ 18 ("Not all the guards use their masks all the time. Sometimes, the guards have no masks. Other times, guards will have a mask but not have it on, it would be hanging around their neck.").

### Lack of Social Distancing

As this Court's order recognized, ICE's Pandemic Response Requirements "emphasizes that social distancing should be promoted within detention centers." [ECF 158 at p. 10.] But this is still not happening. At Glades (which has seen a spike in COVID-positive cases since the last declarations were submitted), detained individuals continue to sleep in close quarters (less than 6 feet from each other) and are forced to line up "one right behind the other" to wait for meal service. Leon Declaration at ¶ 7 ; *see also* Scott Decl. at ¶ 17 (beds are close enough to reach out and touch others); Hamilton Decl. at ¶ 7 ("There is no social distancing in the pod."); Taylor Decl. at ¶ 30 (detainees sleeping less than 12 inches apart); Cooper Decl. at ¶ 7 (bunks are just a "few inches apart").

### Impeded Access to Soap and Sanitizer

This Court's Preliminary Injunction requires that "ICE shall immediately comply with the CDC and ICE guidelines by providing Petitioners and the class members with unrestricted access to hand soap, hand sanitizer, and disposable hand towels to facilitate handwashing." [ECF 158 at p. 38.] These conditions are not being met. At Glades, hand soap runs out and is not refilled frequently, sometimes it is not refilled for three or four days. Taylor Decl. at ¶ 26; Leon Decl. at ¶ 9; Scott Decl. at ¶ 14; Monge Decl. at ¶ 17; Thomas Decl. at ¶ 11; Cooper Decl. at ¶ 8. Additionally, there is no hand sanitizer. Leon Decl. at ¶ 10; Hamilton Decl. at ¶ 8; Cooper Decl. at ¶ 8.

### Lack of Education about COVID-19

The Court's Preliminary Injunction required ICE to "[e]ducate inmates on the COVID-19 pandemic by providing information about the COVID-19 pandemic, COVID-19 symptoms, COVID-19 transmission, and how to protect oneself from COVID-19. A staff person at each detention center must give an oral presentation or show an educational video with the above-listed information to all detainees and give all detainees an opportunity to ask questions." [ECF 158 at p. 38.] This is not happening. At Glades, staff have only provided posters to educate about COVID-19 and have not given any live or video presentations. Leon Decl. at ¶ 12; Hamilton Decl. at ¶ 15; Taylor Decl. at ¶ 31; Thomas Decl. at 10.

\* \* \*

Despite being on notice of the CDC Guidelines for months and despite the Court's prior Temporary Restraining Order, ICE continues to imperil the men and women in its custody. Detained men with COVID-19 are being housed with others who are not known to have COVID-19. Social distancing is still not possible. Access to soap, hand sanitizer, masks, gloves, and cleaning supplies is still not reliable or consistent. Detainees are not being provided the ordered education about COVID-19 prevention.

It is critical that ICE fulfill **all** of its obligations immediately, and Petitioners respectfully request the Court to order ICE to do so. Due to the urgencies in responding to COVID-19 that the Court has already recognized, Petitioners request this relief on an emergency basis.

### LOCAL RULE 7.1 CERTIFICATION

Plaintiffs' counsel Kathryn Lehman and Lisa Lehner have repeatedly reached out to counsel of record for Respondents in a good faith effort to resolve concerns about the ongoing conditions at the ICE facilities and the health of men and women detained at the facilities. Counsel for Respondents have either not responded or stated that there was no problem. The parties have not been able to reach a mutually agreeable resolution as to the ongoing conditions at the facilities.

Date:  June 16, 2020

Respectfully Submitted,

*/s/ Scott M. Edson*
Scott M. Edson, Esq.
Florida Bar No. 17258

| | |
|---|---|
| Gregory P. Copeland* | Scott M. Edson, Esq. |
| Sarah T. Gillman* | Florida Bar No. 17258 |
| **RAPID DEFENSE NETWORK** | **KING & SPALDING LLP** |
| 11 Broadway, Suite 615 | 1700 Pennsylvania Avenue NW, STE 200 |
| New York, NY 10004 | Washington, DC 20006-4707 |
| Tel.: (212) 843-0910 | Telephone:  (202) 737-0500 |
| Fax: (212) 257-7033 | Facsimile:  (202) 626-3737 |
| gregory@defensenetwork.org | sedson@kslaw.com |
| sarah@defensenetwork.org | |
| **Appearing Pro Hac Vice* | |
| | |
| Rebecca Sharpless | Kathryn S. Lehman |
| Florida Bar No. 0131024 | Florida Bar No.: 95642 |
| Romy Lerner | Chad A. Peterson |
| Florida Bar No. 116713 | Florida Bar No.: 91585 |
| **UNIVERSITY OF MIAMI SCHOOL OF LAW - IMMIGRATION CLINIC** | **KING & SPALDING LLP** |
| 1311 Miller Drive Suite, E-273 | 1180 Peachtree Street, N.E. |
| Coral Gables, Florida 33146 | Atlanta, GA 30309 |
| Tel: (305) 284-3576 | Telephone: (404) 572-4600 |
| Fax: (305) 284-6092 | Facsimile: (404) 572-5100 |
| rsharpless@law.miami.edu | klehman@kslaw.com |
| | cpeterson@kslaw.com |
| | |
| Paul R. Chavez | Mark Andrew Prada |
| FL Bar No. 1021395 | Fla. Bar No. 91997 |
| Maia Fleischman | Anthony Richard Dominguez |
| FL Bar No. 1010709 | Fla. Bar No. 1002234 |
| **SOUTHERN POVERTY LAW CENTER** | **PRADA URIZAR, PLLC** |
| 2 S. Biscayne Blvd., Ste. 3200 | 3191 Coral Way, Suite 500 |
| Miami, FL 33101 | Miami, FL 33145 |
| Tel: (305) 537-0577 | Tel.:  (786) 703-2061 |
| paul.chavez@splcenter.org | Fax:   (786) 708-9508 |
| maia.fleischman@splcenter.org | mprada@pradaurizar.com |
| | adominguez@pradaurizar.com |

5

| | |
|---|---|
| Lisa Lehner<br>Florida Bar No. 382191<br>**AMERICANS FOR IMMIGRANT JUSTICE**<br>5355 NW 36 Street, Suite 2201<br>Miami, FL 33166<br>Tel: (305) 573-1106 Ext. 1020<br>Fax: (305) 576-6273<br>Llehner@aijustice.org | Andrea Montavon McKillip<br>Florida Bar No. 56401<br>**LEGAL AID SERVICE OF BROWARD COUNTY, INC.**<br>491 North State Road 7<br>Plantation, Florida 33317<br>Tel. (954) 736-2493<br>Fax (954) 736-2484<br>amontavon@legalaid.org |

*Counsel for Petitioners-Plaintiffs*

6

## CERTIFICATION OF EMERGENCY

Undersigned counsel certifies that this is an emergency motion pursuant to Local Rule 7.1(d)(1).

Petitioners, and the class they represent, are at imminent risk harm due to the continuing COVID-19 crisis and Respondents' grossly inadequate steps to protect them from contracting the virus.

After reviewing the facts and researching applicable legal principles, I certify that this motion in fact presents a true emergency (as opposed to a matter that may need only expedited treatment) and requires an immediate ruling because the Court would not be able to provide meaningful relief to members of the class if they contract COVID-19 as a result of Respondents not following the Court's Preliminary Injunction.

/s/ Scott M. Edson
Scott M. Edson, Esq.
Florida Bar No. 17258
**KING & SPALDING LLP**
1700 Pennsylvania Avenue NW, STE 200
Washington, DC 20006-4707
Telephone:  (202) 737-0500
Facsimile:  (202) 626-3737
sedson@kslaw.com
*Attorney for Petitioners-Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 16th day of June, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

                                    */s/ Scott M. Edson*
                                         Scott M. Edson, Esq.
                                    Florida Bar No. 17258
                                    **KING & SPALDING LLP**
                                    1700 Pennsylvania Avenue NW, STE 200
                                    Washington, DC 20006-4707
                                    Telephone:  (202) 737-0500
                                    Facsimile:  (202) 626-3737
                                    sedson@kslaw.com

                                    *Attorney for Petitioners-Plaintiffs*