UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-21553-Civ-COOKE/GOODMAN

**PATRICK GAYLE**, *et al.*,

    Petitioners-Plaintiffs, on behalf of
    themselves and those similarly situated,

v.

**MICHAEL W. MEADE**, *et al.*,

    Respondents-Defendants.
_____/

**JOINT SCHEDULING REPORT AND PROPOSED SCHEDULING ORDER**

    Plaintiffs and Defendants hereby submit this Joint Scheduling Report and Joint Proposed Scheduling Order report pursuant to Local Rule 16.1(b)(2).

**I.    RULE 26(f)(3) DISCOVERY PLAN**

**A.    ATTORNEY CONFERENCE**

    Pursuant to Rule 26(f), a telephonic meeting was commenced on June 17, 2020 and was attended by counsel for Plaintiffs and counsel for Defendant.

**B.    PRE-DISCOVERY DISCLOSURES**

    The parties agree to exchange the information described in Rule 26(a)(1)(A)-(D) on or in the form contemplated by Rule 26(a).

**C.    DISCOVERY PLAN**

    **1.    Changes to timing of discovery.**

    As outlined in Exhibit A, Plaintiffs request expedited discovery due to the exigent nature of COVID-19.

    **2.    Discovery will be needed on the following subjects.**

    The Parties agree that discovery will be needed on the underlying facts supporting the essential elements of Plaintiffs' claims for Violation of Detention Standards under *Accardi*

(Count I), Violation of the Right to Reasonable Safety under Fifth Amendment (Count II), and State-Created Danger under Fifth Amendment (Count III).

Plaintiffs anticipate seeking discovery regarding the following topics:

- Compliance with applicable guidelines, including without limitation, CDC's Interim Guidance on management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities

- Conditions and policies and procedures within Krome, Glades and BTC including ability to social distance, availability of soap, hand sanitizer and personal protective equipment (PPE), location of beds and other sleeping arrangements, numbers of individuals detained, cohorting.

- Transfers of detained individuals, including the evaluative process before transfers, the reasons for transfers, and the conditions during and after transfers as of the inception of the preliminary injunction on June 6, 2020. This request is limited to the transfer evaluation spreadsheet and checklist.

- Conditions and policies and procedures affecting all Petitioners including ability to social distance, availability of soap, hand sanitizer and personal protective equipment (PPE), location of beds and other sleeping arrangements, numbers of individuals detained, cohorting.

- Tests and test results among staff members and detained men and women for COVID-19 and the antibodies for COVID-19.

- Releases of detained individuals, including the evaluative process.

Defendants do not agree to discovery on all topics listed above and reserve their right to object.

**3.    Electronically Stored Information**

Plaintiffs do not have any electronically stored information to produce. Defendants may need to review government databases and e-mail inboxes for any relevant information.

**4.    Claims of Privilege**

Plaintiffs are not currently aware of privilege issues that will be raised by anticipated discovery from Defendants.  Defendants reserve the right to assert any and all applicable and necessary privileges regarding all documents produced in this discovery, including without limitation, deliberative process privilege, law enforcement privilege, attorney client communication, attorney client work product and information protected by statute.

II. **SCHEDULING CONFERENCE REPORT PURSUANT TO LOCAL RULE 16.1**

A. **CASE MANAGEMENT TRACK PURSUANT TO RULE 16.1(a)(2)**

This case should be designated for the expedited case management track.

B. **SETTLEMENT**

The parties agree that settlement is unlikely.

C. **ADDITIONAL PARTIES**

This is a class action, with the class defined as "All current civil immigration detainees who are now held by ICE at Krome, BTC, and Glades when this action was filed, since this action was filed, or in the future". The parties agree that the deadline to join other named parties will be August 15, 2020, unless an amendment is permitted pursuant to a subsequent Court ruling.

D. **PROPOSED TIME LIMITS**

1. **Join Other Parties and Amended Pleadings**

The parties agree that the deadline to join other named parties and amend the pleadings shall be August 15, 2020, unless an amendment is permitted pursuant to a subsequent Court ruling on a motion to dismiss.

2. **To File and Hear Motions**

The parties agree that the deadline to file dispositive motions shall be November 6, 2020.

3. **To Complete Discovery**

The parties agree that the fact and expert discovery deadline shall be November 6, 2020.

E. **PROPOSALS FOR THE FORMULATION AND SIMPLIFICATION OF ISSUES**

The parties do not currently have any such proposals.

F. **AMENDMENTS TO THE PLEADINGS**

The parties do not anticipate amendments to the pleadings.

G. **ADMISSIONS OF FACT AND OF DOCUMENTS**

The parties will attempt to obtain admission of, or stipulate to, facts and the authenticity of documents where necessary to avoid unnecessary proof. Pre-trial motions may be filed where appropriate to narrow the issues in this case and to obtain rulings on the admissibility of evidence.

**H.     AVOIDING UNNECESSARY PROOF AND CUMULATIVE EVIDENCE**

The Parties agree to work together to attempt to enter into stipulations where possible to avoid unnecessary proof and cumulative evidence. The Parties will attempt to stipulate to facts and to the admissibility of evidence before trial where there is no dispute. The Parties agree that any remaining contested issues of fact should be decided by the District Court.

**I.     REFERRING MATTERS TO A MAGISTRATE JUDGE OR MASTER**

The parties will consent to discovery matters being referred to the Magistrate Judge assigned to this case. However, the parties do not consent at this time to motions *in limine* being ruled upon or trial being conducted by a Magistrate Judge.

**J.     TIME REQUIRED FOR TRIAL**

The parties agree that this case will require three days for trial.

**K.     REQUESTED DATES FOR CONFERENCES BEFORE TRIAL, A FINAL PRETRIAL CONFERENCE AND TRIAL**

The parties request that the final pretrial conference be held in November 2020 and the trial in December 2020.

**L.     ANY ISSUES ABOUT ELECTRONICALLY STORED INFORMATION**

Plaintiffs: Plaintiffs' anticipate serving routine requests for electronically stored information that should not present any unusual challenges or novel issues.

Defendants: To the extent that Plaintiffs want electronically stored information, the requests may require substantial review of electronic databases for individuals detained at the three facilities. For each individual, the electronic data must be manually pulled and then reviewed for privilege. If the requests require review of email custodian inboxes, the request is time consuming because it requires reviews of communications for responsiveness and privilege.

4

**M.     ANY OTHER INFORMATION THAT MIGHT BE HELPFUL TO THE COURT**

<u>Plaintiffs</u>:  Plaintiffs anticipate requesting alien files ("A-Files") during discovery in this case.  Plaintiffs have informed Defendants of their intent and requested that Defendants start collecting A-Files for the named Plaintiffs.  Plaintiffs do not agree that it should take 90 or more days to produce A-files for the named Plaintiffs but will consider any motions for extensions of time on a case-by-case basis.

<u>Defendants</u>: Defendants note that individual alien files are only maintained in paper copy. They are shared by Immigration and Customs Enforcement, United States Citizenship and Immigration Services, and Customs and Border Patrol. The alien files may be at the Miami field office, another field office throughout the county, at the national repository or in the mail in transit. To the extent that Plaintiffs' discovery requests require A-file review, Defendants will be required to locate, review, and scan the file, after which the file can be reviewed and redacted for privilege. In Defendants' experience with other nationwide class action suits, this is an extremely time consuming and burdensome process.  Defendants believe that a <u>minimum</u> of 90 days is required to produce copies of the alien files pertaining to the named Plaintiffs.  The Defendants also preserve the right to make all appropriate discovery objections including, but not limited to, on the grounds of relevance, undue burden, and responsiveness.

Respectfully Submitted,

*/s/ Scott M. Edson*
Scott M. Edson, Esq.
Florida Bar No. 17258

Gregory P. Copeland*
Sarah T. Gillman*
**RAPID DEFENSE NETWORK**
11 Broadway, Suite 615
New York, NY 10004
Tel.: (212) 843-0910
Fax: (212) 257-7033
gregory@defensenetwork.org
sarah@defensenetwork.org
*Appearing Pro Hac Vice*

Rebecca Sharpless
Florida Bar No. 0131024
Romy Lerner
Florida Bar No. 116713
**UNIVERSITY OF MIAMI SCHOOL OF LAW - IMMIGRATION CLINIC**
1311 Miller Drive Suite, E-273
Coral Gables, Florida 33146
Tel: (305) 284-3576
Fax: (305) 284-6092
rsharpless@law.miami.edu

Paul R. Chavez
FL Bar No. 1021395
Maia Fleischman
FL Bar No. 1010709
**SOUTHERN POVERTY LAW CENTER**
2 S. Biscayne Blvd., Ste. 3200
Miami, FL 33101
Tel: (305) 537-0577
paul.chavez@splcenter.org
maia.fleischman@splcenter.org

Lisa Lehner
Florida Bar No. 382191
**AMERICANS FOR IMMIGRANT JUSTICE**
5355 NW 36 Street, Suite 2201
Miami, FL 33166
Tel: (305) 573-1106 Ext. 1020
Fax: (305) 576-6273
Llehner@aijustice.org

Scott M. Edson, Esq.
Florida Bar No. 17258
**KING & SPALDING LLP**
1700 Pennsylvania Avenue NW, STE 200
Washington, DC 20006-4707
Telephone: (202) 737-0500
Facsimile: (202) 626-3737
sedson@kslaw.com

Kathryn S. Lehman
Florida Bar No.: 95642
Chad A. Peterson
Florida Bar No.: 91585
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
klehman@kslaw.com
cpeterson@kslaw.com

Mark Andrew Prada
Fla. Bar No. 91997
Anthony Richard Dominguez
Fla. Bar No. 1002234
**PRADA URIZAR, PLLC**
3191 Coral Way, Suite 500
Miami, FL 33145
Tel.: (786) 703-2061
Fax: (786) 708-9508
mprada@pradaurizar.com
adominguez@pradaurizar.com

Andrea Montavon McKillip
Florida Bar No. 56401
**LEGAL AID SERVICE OF BROWARD COUNTY, INC.**
491 North State Road 7
Plantation, Florida 33317
Tel. (954) 736-2493
Fax (954) 736-2484
amontavon@legalaid.org

*Counsel for Petitioners-Plaintiffs*
(Also Filing on behalf of Respondents-Defendants for purposes of this filing only)

6

## CERTIFICATE OF SERVICE

  I hereby certify that on the 19th day of June, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

                  */s/ Scott M. Edson*
                    Scott M. Edson, Esq.
                  Florida Bar No. 17258
                  **KING & SPALDING LLP**
                  1700 Pennsylvania Avenue NW, STE 200
                  Washington, DC 20006-4707
                  Telephone:  (202) 737-0500
                  Facsimile:  (202) 626-3737
                  sedson@kslaw.com

                  *Attorney for Petitioners-Plaintiffs*

*Attachment A*: **Pretrial Deadlines, Pretrial Conference and Trial Date**

**8/15/2020**   Joinder of parties and claims, and amendment of pleadings.

**9/11/2020**   Parties will furnish opposing counsel with a written list containing the names and addresses of all fact and expert witnesses intended to be called at trial and only those witnesses listed will be permitted to testify unless good cause is shown and there is no prejudice to opposing party. The parties are under a continuing obligation to supplement discovery responses within ten days of receipt or other notice of new or revised information. The Parties must furnish expert witness list to the Defendant, along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses will be permitted to testify. Within the fourteen- day period thereafter, the Parties will make its experts available for deposition.

**11/06/2020**   All fact discovery must be completed.

**11/06/2020**   All expert discovery completed.

**11/06/2020**   All dispositive *and* other pretrial motions not explicitly excluded by Local Rule 7.1(a)(1) and accompanying memoranda of law must be filed.

**11/06/2020**   Mediation must be completed. (The parties should select the earliest date to maximize resolution of the case in a manner that promotes client and judicial economy.)

**11/06/2020**   (a) Joint pretrial stipulation must be filed pursuant to Local Rule 16.1(e). The pretrial stipulation will include the witness lists will be pared down to those witnesses the parties actually intend to call at trial; and the exhibit lists will identify the witness introducing each exhibit. The parties will meet at least one month prior to the deadline for filing the pretrial stipulation to confer on the preparation of that stipulation. The Court will not accept unilateral pretrial stipulations, and will strike, *sua sponte*, any such submissions; and

(b) Joint Summary of Respective Motions *in Limine* must be filed. The Summary will contain a cover page providing the style of the case and an index of the motions *in limine*. The Summary will also include for each evidentiary issue: (*i*) a one page motion identifying the evidence sought to be precluded at trial and citing legal authority supporting exclusion; and (*ii*) a one page response to the motion providing a statement of the purpose for which the challenged evidence would be offered and citing legal authority in support of admission of the challenged evidence. The parties will work together to prepare the Summary. Prior to submission of the Summary, the parties are encouraged to resolve evidentiary issues through stipulation.

**11/06/2020**   Final proposed jury instructions (for jury trial) or findings of fact and conclusions of law (for bench trial) must be submitted. *(A courtesy copy will be submitted to chambers at cooke@flsd.uscourts.gov, in Microsoft Word format).* Each party's trial witness list, with one-sentence synopsis and time needed for direct and cross examination; proposed *voir dire* questions; and deposition designations.

**12/2020**           Trial Date.

*Attachment B*: Magistrate Judge Jurisdiction Election Form

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 20-21553-Civ-COOKE/GOODMAN

**PATRICK GAYLE**, *et al.*,

    Petitioners-Plaintiffs, on behalf of
    themselves and those similarly situated,

**v.**

**MICHAEL W. MEADE**, *et al.*,

    Respondents-Defendants.
_____/

## ELECTION TO JURISDICTION BY A UNITED STATES
## MAGISTRATE JUDGE FOR FINAL DISPOSITION OF MOTIONS

In accordance with the provisions of 28 U.S.C. § 636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge decide the following motions and issue a final order or judgment with respect thereto:

| | | |
|---|---|---|
| 1. Motions for Costs | Yes  X  | No _____ |
| 2. Motions for Attorney's Fees | Yes  X  | No _____ |
| 3. Motions for Sanctions | Yes  X  | No _____ |