# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO: 20-21553-CIV-COOKE/GOODMAN

**PATRICK GAYLE, et al.,**

     **Plaintiffs,**

**v.**

**MICHAEL W. MEADE, et al.,**

     **Defendants.**

_____/

## <u>DEFENDANTS' ANSWER</u>

Defendants, by and through their undersigned counsel, hereby Answer and assert their affirmative defenses to Plaintiffs' Complaint (ECF No. 1) as follows.  Any allegation that is not specifically admitted is denied.

1.     Admitted that Plaintiffs are detained by ICE.[1]  The rest of the allegations are denied.

2.     Admitted that some courts have released individuals.

3.     Admitted that the case cited indicated that there should be a reduction to the amount of people in custody.

4.     Paragraph 4 is denied.

5.     Defendants lack knowledge or information to admit or deny the local attorneys reported to the bar association.   Otherwise denied.

---

[1] The Plaintiffs that have been released or removed are indicated as such in the section dealing with parties in page 3.

6.   Plaintiffs have cited to an article from the Miami Herald, which requires no response.  Denied.

7.   Paragraph 7 is denied.

8.   Defendants deny a false statement was made.  Denied.

9.   Paragraph 9 is denied.

10.   Paragraph 10 is denied.

11.   Admitted that COVID-19 threatens every woman and man as it is a worldwide pandemic.

12.   Admitted that only the federal government can release the individuals.

13.   Admitted that each detention center has confirmed cases of COVID-19. Denied that individuals are improperly cohorted.  Dr. Shin's opinion is denied.

14.   Admitted that Plaintiffs have quoted portions of the CDC Guidelines.   Denied that cohorting is impermissible under the CDC Guidelines.

15.   Admitted that Plaintiffs have quoted portions of the CDC Guidelines.

16.   Paragraph 16 is denied.

17.   Paragraph 17 is denied.

18.   Admitted to the extent that ICE is focusing on public-safety risks and individuals subject to mandatory detention based on criminal grounds.

19.   Admit to the extent that ICE still issues detainers and is focusing on individuals that are public safety risks and subject to mandatory detention based on criminal grounds. Denied that the facilities have large populations.

20.   Admitted that Plaintiffs have quoted portions of a declaration from a former ICE official and the World Health Organization.

21.     Paragraph 21 is denied.

22.     Paragraph 22 is denied.  Admit that social distancing of six feet is not always possible.

23.     Paragraph 23 is denied.

24.     Without independent knowledge or information to admit or deny the information in the articles.

25.     Without independent knowledge or information to admit or deny the information in the articles, but admit that the statistics reported are that the United States has the most deaths and confirmed cases.

26.     Defendants admit that there is no vaccine and deny those are the only recognized strategies to reduce the risk of exposure.

27.     Admit that there have been declarations of national emergencies and schools closures nationwide.  Without independent knowledge or information to admit or deny the specific counties.

28.     Paragraph 28 is denied.

29.     Paragraph 29 is a summary of Plaintiffs' lawsuit. Defendants deny ICE has committed any constitutional violation.

## PARTIES

30.     Petitioner has been released from ICE custody.  As such, his claims are moot. To the extent a response is required, denied.

31.     Admit to citizenship and custody.  Denied that he is housed with 70 other individuals whom exhibit flu like symptoms. Defendants lack knowledge or information to admit or deny the rest of the allegations.

3

32.    Admit to citizenship and custody.  Defendants lack knowledge or information to admit or deny the rest of the allegations.

33.    Petitioner has been released from ICE custody.  As such, the claims are moot. To the extent a response is required, denied.

34.    Petitioner has been released from ICE custody.  As such, the claims are moot. To the extent a response is required, denied.

35.    Petitioner has been released from ICE custody.  As such, the claims are moot. To the extent a response is required, denied.

36.    Petitioner has been removed; thus, no longer in ICE custody.  As such, the claims are moot.  To the extent a response is required, denied.

37.    Petitioner has been released from ICE custody.  As such, the claims are moot. To the extent a response is required, denied.

38.    Admit to citizenship and custody.  Defendants lack knowledge or information to admit or deny the rest of the allegations.

39.    Petitioner has been released from ICE custody.  As such, the claims are moot. To the extent a response is required, denied.

40.    Petitioner has been released from ICE custody.  As such, the claims are moot. To the extent a response is required, denied.

41.    Admit to citizenship and custody.  Deny that he is considered medically vulnerable under the CDC Guidelines. Defendants lack knowledge or information to admit or deny the rest of the allegations.

42.    Petitioner has been released from ICE custody.  As such, the claims are moot. To the extent a response is required, denied.

43.     Petitioner has been released from ICE custody.  As such, the claims are moot. To the extent a response is required, denied.

44.     Petitioner has been removed and is no longer in ICE custody.  As such, the claims are moot.  To the extent a response is required, denied.

45.     Petitioner has been removed and is no longer in ICE custody.  As such, the claims are moot.  To the extent a response is required, denied.

46.     Petitioner has been released from ICE custody.  As such, the claims are moot. To the extent a response is required, denied.

47.     Admit to citizenship, custody, and medical vulnerability.  Defendants note he is subject to mandatory detention. Defendants lack knowledge or information to admit or deny the rest of the allegations.

48.     Admit to citizenship and custody. Denied that he is considered medically vulnerable under the CDC Guidelines. Defendants lack knowledge or information to admit or deny the rest of the allegations.

49.     Admit to citizenship, custody, and medical vulnerability.  Defendants note he is subject to mandatory detention. Defendants lack knowledge or information to admit or deny the rest of the allegations.

50.     Petitioner has been released from ICE custody.  As such, the claims are moot. To the extent a response is required, denied.

51.     Petitioner has been released from ICE custody.  As such, the claims are moot. To the extent a response is required, denied.

52.     Admit to citizenship, custody, and medical vulnerability.   Defendants lack knowledge or information to admit or deny the rest of the allegations. Defendants lack knowledge or information to admit or deny where he would go if released.

53.     Admit to citizenship, custody, and is medically vulnerable.   Defendants note he is subject to mandatory detention. Defendants lack knowledge or information to admit or deny the rest of the allegations.

54.     Admit to citizenship and custody.   Denied that he is considered medically vulnerable under the CDC Guidelines. Defendants lack knowledge or information to admit or deny the rest of the allegations.

55.     Petitioner has been removed and is no longer in ICE custody.   As such, the claims are moot.  To the extent a response is required, denied.

56.     Admit to citizenship, custody, and medical vulnerability.   Denied that staff is not using the appropriate equipment. Defendants lack knowledge or information to admit or deny the rest of the allegations.

57.     Admit to citizenship, custody, and medical vulnerability.   Defendants lack sufficient knowledge or information to admit or deny.

58.     Admit to citizenship, custody, and medical vulnerability.   Defendants lack knowledge or information to admit or deny the rest of the allegations. Denied that guards do not wear protective equipment.

59.     Admit to citizenship, custody, and medical vulnerability. Defendants lack knowledge or information to admit or deny as to where he would live.   Otherwise denied.

60.     Admit to citizenship, custody, and medical vulnerability.   Defendants lack knowledge or information to admit or deny the rest of the allegations.

61.     Petitioner has been released from ICE custody.  As such, the claims are moot. To the extent a response is required, denied.

62.     Petitioner has been released from ICE custody.  As such, the claims are moot. To the extent a response is required, denied.

63.     Admit to citizenship and custody.  Denied that he is considered "medically vulnerable" under the CDC Guidelines. Defendants lack knowledge or information to admit or deny the rest of the allegations.

64.     Denied that Field Office Director Meade is the immediate custodian. Otherwise admitted.

65.     Denied that Attorney General Bar is the immediate custodian.  Otherwise admitted.

## **PROPOSED CLASS**

66.     Admit there is a lawsuit as stated. Deny the basis of the lawsuit.

67.     Admitted.

68.     Paragraph 68 is denied.

69.     Admitted.

70.     Denied because population varies.

71.     Denied because population varies.

72.     Denied because population varies.

73.     Denied.

74.     Paragraph 74 is denied.

75.     Paragraph 75 is denied.

76.     Paragraph 76 is denied.

## JURSIDCTION AND VENUE

77.     Admitted that the Court has jurisdiction pursuant to 28 U.S.C. 2241, and federal question jurisdiction under 28 U.S.C. § 1331. Denied otherwise.

78.     Admitted that federal district courts have jurisdiction to hear habeas claims relating to constitutional violations. Otherwise denied.

79.     Admitted.

80.     Paragraph 80 is denied.

81.     Paragraph 81 is denied because jurisdiction depends on the nature of the claim.

82.     Paragraph 82 is denied because jurisdiction depends on the nature of the claim.

83.     Paragraph 83 is denied because jurisdiction depends on the nature of the claim.

84.     Paragraph 84 is denied.

85.     Admitted.

86.     Denied.

87.     Denied. Defendants admit Defendant Meade's office is located in Plantation, Florida.

## EXHAUSTION OF REMEDIES

88.     Denied.

89.     Defendants cite to Nierenberg v. Heart Ctr. Of Sw. Fla., P.A, which is a case based on the violation of the Employee Retirement Income Security Act. Denied.

90.     Paragraph 90 is admitted to the extent that is a constitutional claim that the agency cannot adjudicate.

91.     Admitted.

92.     Defendants cite to <u>Nierenberg v. Heart Ctr. Of Sw. Fla., P.A</u>, which is a case based on the violation of the Employee Retirement Income Security Act.  Denied.

## **STATEMENT OF FACTS**

93.     Admitted.

94.     Paragraph 94 contains medical information from the CDC Website. Defendants lack the knowledge or information to admit or deny.

95.     Paragraph 95 contains medical information. Defendants lack the knowledge or information to independently admit or deny.

96.     Paragraph 96 contains medical information. Defendants lack the medical knowledge or information to independently admit or deny.

97.     Paragraph 97 contains medical information. Defendants lack the medical knowledge or information to independently admit or deny.

98.     Paragraph 98 contains information from an article. Defendants lack the knowledge or information to independently admit or deny.

99.     Paragraph 99 contains information from articles.  Defendants lack the knowledge or information to independently admit or deny.

100.    Paragraph 100 contains information from an article.  Defendants lack the knowledge or information to independently admit or deny.

101.    Paragraph 101 contains information from an article.  Defendants lack the knowledge or information to independently admit or deny.

102.    Paragraph 102 contains information from articles.  Defendants lack the knowledge or information to independently admit or deny.

103.     Paragraph 103 contains information from articles.   Defendants lack the knowledge or information to independently admit or deny.

104.     Paragraph 104 contains information from articles.   Defendants lack the knowledge or information to independently admit or deny.

105.     Paragraph 105 contains information from articles.   Defendants lack the knowledge or information to independently admit or deny.

106.     Paragraph 106 contains information from articles.   Defendants lack the knowledge or information to independently admit or deny.

107.     Paragraph 106 contains information from articles.   Defendants lack the knowledge or information to independently admit or deny.

108.     Defendants lack the knowledge or information to admit or deny to what extent there is a nationwide lack of diagnostic tests and admit that social distancing is encouraged to prevent transmission of COVID-19.

109.     Admitted that social distancing is encouraged to lower the risk of exposure

110.     Paragraph 110 contains information from articles.   Defendants lack the knowledge or information to independently admit or deny.

111.     Paragraph 111 contains information from articles.   Defendants lack the knowledge or information to independently admit or deny.

112.     Admitted

113.     Admitted

114.     Admitted

115.     Admitted

116.     Admitted

117.   Admitted

118.   Admitted

119.   Admitted

120.   Admitted

121.   Admitted

122.   Admitted

123.   Admitted

124.   Denied

125.   Admitted

126.   Admitted

127.   Paragraph 127 refers to a characterization of the CDC Guidelines.   Defendants admit the factors listed can risk the increase of the spread of COVID-19, but deny the detention centers at issue have poor sanitation, high population, and higher density of chronic diseases or any of those factors.

128.   Admitted that paragraph 128 contains Dr. Shin's and Dr. Greer's opinions. Otherwise denied.

129.   Admitted that paragraph 129 discusses the opinions of several medical doctors. Otherwise denied.

130.   Admitted that paragraph 130 refers to opinions of medical professionals mentioned in article.  Otherwise denied.

131.   Admitted that paragraph 131 refers to opinions of medical professionals mentioned in article.  Otherwise denied.

132.    Admitted that Paragraph 132 contains information from a website. Without sufficient knowledge or information to admit or deny.

133.    Paragraph 133 refers to information from articles. Without sufficient knowledge of information to admit or deny how prevalent COVID-19 is in other detention centers.

134.    Paragraph 134 is admitted to the extent that any movement of individuals increases the risk of exposure absent adequate protection.

135.    Paragraph 135 contains information from articles. Defendants do not have sufficient knowledge or information to admit or deny. Defendants deny they specifically are "inept" at handling outbreaks of infectious diseases.

136.    Paragraph 136 contains information from articles. Defendants do not have sufficient knowledge or information to admit or deny.

137.    Paragraph 137 contains information from articles. Defendants do not have sufficient knowledge or information to admit or deny.

138.    Admitted

139.    Admitted

140.    Admitted

141.    Admitted

142.    Admitted

143.    Admitted

144.    Paragraph 144 contains a characterization of the CDC Guidelines, which Defendant denies as it is not comprehensive because the CDC Guidelines permit cohorting.

145.    Admitted

146.    Admitted

147.    Admitted

148.    Paragraph 148 contains a characterization of the CDC Guidelines, which Defendant denies as it is not comprehensive because the CDC Guidelines permit cohorting.

149.    Admitted

150.    Paragraph 150 contains a characterization of the CDC Guidelines, which Defendant denies as it is not comprehensive because the CDC Guidelines permit cohorting.

151.    Paragraph 151 contains quotes from the CDC Guidelines.  Otherwise denied.

152.    Paragraph 152 contains quotes from the CDC Guidelines.  Otherwise denied.

153.    Paragraph 153 contains a characterization of the CDC Guidelines, which Defendant denies as it is not comprehensive because the CDC Guidelines permit cohorting.

154.    Paragraph 154 contains a characterization of the CDC Guidelines, which speak for themselves.

155.    Paragraph 155 contains a characterization of the CDC Guidelines, which is denied as not comprehensive.

156.    Admitted that those quotes are from the CDC Guidelines.  Otherwise denied.

157.    Admitted that Paragraph 157 contains a quote from the CDC Guidelines, Otherwise denied.

158.    Admitted that Paragraph 158 contains a quote from the CDC Guidelines. Otherwise denied.

159.    Admitted that Paragraph 159 contains a quote from the CDC Guidelines. Otherwise denied.

160.   Paragraph 156 contains an incomplete characterization of the CDC Guidelines. Denied.

161.   Admitted

162.   Paragraph 162 is denied

163.   Admitted that ICE transfers and detains individuals that have violated immigration law. Otherwise denied.

164.   Paragraph 164 is denied.

165.   Paragraph 165 is denied.

166.   Paragraph 166 contains an incomplete characterization of the CDC Guidelines. Denied.

167.   Paragraph 166 contains an incomplete characterization of the CDC Guidelines. Denied.

168.   Paragraph 168 is denied.

169.   Paragraph 169 is denied.

170.   Paragraph 170 is denied.

171.   Paragraph 171 is denied.

172.   Paragraph 172 is denied.

173.   Paragraph 173 is denied.

174.   Defendants lack the medical knowledge or information sufficient to admit or deny the medical allegations in paragraph 174.

175.   Paragraph 175 is denied.

## KROME SERVICE PROCESSING CENTER

176.   Admit Krome is in Miami-Dade County. Defendants deny Krome is overcrowded.  Not enough information to admit or deny the range of population.

177.   Admit that Krome employs ICE employees and contractors.   Without knowledge information to admit or deny where they live.

178.   Admit.

179.   Admit.

180.   Denied that detained individuals prepare the food.  Otherwise admitted.

181.   Admitted that a 2019 report found that a deficiency as to sick call procedures. Denied that Krome's critical care is delayed, denied, or inadequate because Krome adopted a corrective action plan to ensure processing of sick calls within 24 hours.    Denied that ibuprofen is a blanket solution to all medical issues.

182.   Paragraph 182 is denied.

183.   Paragraph 183 is denied.

184.   Paragraph 184 is denied.

185.   Paragraph 185 is denied.

186.   Paragraph 186 is denied as the housing units vary in capacity and size.

187.   Paragraph 187 is denied as to the extent that it applies to each pod.   Denied that there are a "large number of detained individuals" as capacity is below 75%.

188.   Paragraph 188 is denied because the configuration of bunks vary.

189.   Paragraph 189 is denied.

190.   Admitted that a Miami Herald article showed a picture of the Krome Detention Center where men are not wearing gloves or masks in an area.  Denied that it was "recent."

191.   Defendants admits that ICE continues to detain individuals.

192.   Admitted.

193.   Paragraph 193 is denied.

194.   Paragraph 194 is denied.

195.   Paragraph 195 is denied.

196.   Paragraph 196 is denied.

197.   Admit that on or about April 8, 2020, staff were sent home due to potential COVID-19 exposure and other staff had to work overtime.  Otherwise denied.

198.   Paragraph 198 is denied.

199.   Paragraph 199 is denied.

200.   Without sufficient information to admit or deny.

201.   Without sufficient information to admit or deny.

202.   Paragraph 202 is denied.

203.   Admitted that detainees have been transported for medical reasons.

204.   Paragraph 204 admitted to the extent that tables and chairs cannot be moved. Otherwise denied.

205.   Paragraph 205 is denied.

206.   Admitted.

207.   Admitted as makeshift masks are viewed as alternation of issued property.

208.   Paragraph 208 is denied.

209.   Paragraph 209 is denied.

210.   Paragraph 210 is denied.

211.   Paragraph 211 is denied.

212.    Paragraph 212 is denied.

213.    Paragraph 213 is denied.

214.    Paragraph 214 is denied.

215.    Insufficient knowledge or information to admit or deny.

216.    Paragraph 216 is denied.

217.    Paragraph 217 is denied.

218.    Paragraph 218 is denied.

219.    Insufficient information to admit or deny.

220.    Paragraph 220 is denied.

221.    Paragraph 221 is denied.

222.    Paragraph 222 is denied.

223.    Paragraph 223 contains information from an article. Admit that the ICE Miami Field Office no longer has a contract with the Monroe County Jail.  Denied the contract was terminated by the sheriff's office. All other allegations are denied.

224.    Admitted

225.    Paragraph 225 refers to an article.    Denied that Defendants underreport positive cases.  Admit that during the publication of the article, testing was done offsite.

226.    Paragraph 226 is denied.

227.    Admit a letter was sent. Otherwise denied.

228.    Admit a letter was sent. Otherwise denied.

229.    Admitted that Krome staff work on shifts, asymptomatic employees are not tested, and without knowledge or information as to how many confirmed cases of COVID-19 are near where the staff lives.

230.    Paragraph 230 is admitted to the extent that Krome conducts hearings via VTC to minimize contact.

231.    Admit a joint statement was issued. Otherwise denied.

232.    Admit a letter was mailed. Otherwise denied.

233.    Admit that a letter was mailed.  Otherwise denied.

234.    Admit that Krome was closed for a deep cleaning.

235.    Without sufficient information to admit or deny as EOIR is part of the Department of Justice.

236.    Paragraph 236 is denied.

**Glades County Detention Center**

237.    Admitted

238.    Denied that individuals sleep in cells.  Denied that bunks are close together because bunks assignment are assigned to maintain approximately 6 feet distance between each.

239.    Without sufficient information to admit or deny because it depends on the length of detention.

240.    Paragraph 240 is denied.

241.    Admitted that individuals share bathrooms and showers, but denied it is impossible to maintain a space distance because the showers are separated by 5 foot, six inch walls and opaque shower curtains.

242.    Admitted that there is no cafeteria.  Denied that there is overcrowding.

243.    Paragraph 243 is denied.

244.    Admitted

245.    Paragraph 245 is denied because cleaners are wipes are available to the trustees that clean the surfaces.

246.    Paragraph 246 is denied.

247.    Paragraph 247 is denied.

248.    Paragraph 248 is denied

249.    Paragraph 249 is denied

250.    Paragraph 250 is denied

251.    Paragraph 251 is denied

252.    Paragraph 252's allegations that officers use excessive force, use racial slurs, misuse pepper spray, and overuse isolation is denied

253.    Paragraph 253 is denied.

254.    Paragraph 254 is denied. Bottles are replaced as needed.

255.    Paragraph 255 is admitted.  Defendants note that hand sanitizer has been ordered.

256.    Paragraph 256 is denied.

257.    Admitted

258.    Paragraph 258 is denied

259.    Paragraph 259 is denied

260.    Without knowledge or information as to how many confirmed cases of COVID-19 are near where the staff lives.  Denied that staff does not use protective gear.

261.    Paragraph 261 is denied

262.    Paragraph 262 is denied

263.    Paragraph 263 is denied

264.    Paragraph 264 is denied.

265.    Paragraph 265's suggestion that individuals are not protected is denied.

266.    Paragraph 266 is denied.

267.    Paragraph 267 is denied.

268.    Defendants lack the knowledge or information sufficient to admit or deny the allegations in paragraph 268.

**Broward Transitional Center**

269.    Admitted

270.    Admitted

271.    Admitted that there are three sets of bunkbeds and that individual's share bathroom.  Admit that there those are common areas, but add that there is a staggered meal schedule to enhance social distancing. Denied that the room is 10x12 and that all bunk beds are occupied at all times.

272.    Paragraph 272 is denied.

273.    Paragraph 273's allegations that BTC provides inadequate medical treatment is denied.

274.    Paragraph 274 is denied.  Defendants lack the knowledge or information sufficient to admit or deny what an individual remembered.

275.    Admitted that there were two confirmed cases of mumps, and detainees that were close contacts were grouped together.  Denied there was an outbreak.

276.    Paragraph 276 is admitted to the extent that individuals that test positive are cohorted together.  Individuals that arrive together are house together as a precaution pending the results of the COVID-19 test.

277.    Admitted, but note the various recreation areas and phones, are sanitized with disinfectant after cohorted detainees and/or detainees under precautionary observation utilize them.

278.    Paragraph 278 is denied.

279.    Paragraph 278 is admitted that individuals cannot socially distance six feet. Denied that individual sit close together as the space is four feet with the removal of every other chair.

280.    Paragraph 280 is denied.

281.    Paragraph 281 is denied.

282.    Paragraph 282 is denied.

283.    Paragraph 283 is denied.  Recently transferred people are all tested for COVID-19.

284.    Paragraph 284 is denied.

285.    Paragraph 285 is denied as new arrivals are housed together pending the results of the COVID-19 tests. Otherwise denied.

286.    Paragraph 286 is denied.

287.    Detainees assist in preparing the food. Otherwise denied.

288.    Paragraph 288 is denied.

289.    Paragraph 289 is denied.

290.    Paragraph 290 is denied.

291.    Paragraph 291 is denied.

292.    Paragraph 291 is denied.

293.    Admitted that detainees do not have access to gloves or masks from commissary. Gloves are provided free of charge.

294.    Paragraph 294 is denied. Defendants lack knowledge or information to admit or deny where there are "many confirmed cases of COVID-19;" thus, deny.

295.    Paragraph 295 is denied.

296.    Admitted there was a water shortage due to a broken water pipe. Denied that it lasted 5 hours.

## ICE'S ALTERNATIVES TO DETENTION PROGRAM

297.    Defendants admit that Plaintiffs have referenced information found in various sources.   To the extent an answer is required, Defendants admit ICE has been provided congressional funding.

298.    Defendants admit that Plaintiffs have referenced information found in various articles. To the extent an answer is required, Defendants lack knowledge or information to admit or deny the allegations.

299.    Defendants admit that Plaintiffs have referenced information found in various articles. Defendants state that the articles speak for themselves. To the extent an answer is required, Defendants lack knowledge or information to admit or deny the rest of the allegations.

300.    Defendants admit that Plaintiffs have referenced information found on the ICE website. To the extent an answer is required, denied.

## LEGAL FRAMEWORK

301.    Paragraph 301 recites a statement of law to which no response is required. To the extent a response is required, admitted.

### A. Due Process Right to Reasonably Safe Non-Punitive Detention

302.     Admitted that Paragraph 317 cites to a case pertaining to a 42 U.S.C. § 1983 action.

303.     Admitted that Paragraph 318 cites to a case pertaining to a 42 U.S.C. § 1983 action.

304.     Admitted that an immigration detainee is considered a civil detainee.

305.     Admitted that Paragraph 305 cites to a case pertaining to a 42 U.S.C. § 1983 action.

306.     Admitted that Paragraph 306 cites to cases that state that Due Process requires that a pretrial detainee cannot be subjected to conditions and restrictions that do not amount to punishment.

307.     Admitted that Paragraph 307 cites to a case pertaining to a 42 U.S.C. § 1983 action.

308.     Admitted that Paragraph 308 cites to cases pertaining to a 42 U.S.C. § 1983 action.

309.     Admitted that Paragraph 309 cites to cases involving someone who was injured by municipal police and 42 U.S.C. § 1983 actions.

310.     Paragraph 310 is denied.

311.     Admitted that Paragraph 311 cites to cases pertaining to a 42 U.S.C. § 1983 action.

312.     Admitted that Paragraph 312 cites to a case pertaining to 42 U.S.C. § 1983 action.

313.    Admitted that Paragraph 313 cites to cases pertaining to a 42 U.S.C. § 1983 actions.

**THE ACCARDI DOCTRINE**

314.    Admitted that agencies must follow their own regulations.

315.    Admitted that Paragraph 315 cites to portions of different cases interpreting Accardi in their circuit.

**STATE CREATED DANGER**

316.    Admitted that Paragraph 316 cites to a case pertaining to a 42 U.S.C. § 1983 action.

317.    Admitted that Paragraph 317 cites to a case pertaining to a 42 U.S.C. § 1983 action.

318.    Admitted that Paragraph 318 cites to cases pertaining to a 42 U.S.C. § 1983 action.

319.    Admitted that Paragraph 318 cites to cases pertaining to a 42 U.S.C. § 1983 action.

**CAUSES OF ACTION**

**COUNT ONE- ACCARDI DOCTRINE (FIFTH AMENDMENT/APA) –<br>VIOLATION OF DETENTION STANDARDS**

320.    Defendants restate the responses to the paragraphs above.

321.    Paragraph 321 does not cite to specific case law.  As such is denied.

322.    Denied.

323.    Admitted.

324.    Admitted.

325.    Paragraph 325 is denied.

326.    Paragraph 326 is denied.

327.    Paragraph 327 is denied.

328.    Paragraph 328 is denied.

329.    Paragraph 329 is denied.

330.    Paragraph 330 is denied.

331.    Paragraph 331 is denied.

332.    Paragraph 332 contains a characterization of the CDC Guidelines.  Admit that medical isolation is preferable to cohorting, but deny that cohorting is not acceptable under the CDC Guidelines. Admit that is Dr. Shin's opinion.

333.    Denied.

334.    Admitted that Paragraph 334 refers to a medical opinion.  Otherwise denied.

335.    Admitted that Paragraph 335 refers to a medical opinion.  Denied all opinions are the same.

336.    Paragraph 336 is denied.

337.    Admitted

338.    Paragraph 338 is denied.

### COUNT TWO- FIFTH AMENDMENT- VIOLATION OF RIGHT TO REASONABLE SAFETY

339.    Defendants restate the response to the paragraphs above

340.    Paragraph 340 does not cite to case law and is denied

341.    Paragraph 341 is denied.

342.    Paragraph 342 is denied.

343.    Paragraph 343 is denied.

344.    Paragraph 344 is denied.

345.   Paragraph 345 is denied.

346.   Paragraph 346 is denied.

347.   Paragraph 347 is denied.

348.   Paragraph 348 is denied.

349.   Paragraph 349 is denied.

## COUNT THREE – FIFTH AMENDMENT – STATE CREATED DANGER

350.   Defendants restate the response to the paragraphs above

351.   Paragraph 351 is denied.

352.   Paragraph 352 is denied.

353.   Paragraph 353 is denied.

354.   Paragraph 354 is denied.

355.   Paragraph 355 is denied.

356.   Paragraph 356 is denied.

357.   Paragraph 357 is denied.

358.   Paragraph 358 is denied.

## ADDITIONAL PLAINTIFFS[2]

4.   Admitted as to citizenship, custody, and with health conditions.  Without sufficient knowledge or information as where he would live if released.  Otherwise denied.

5.   Petitioner has been released from ICE custody.  As such, the claims are moot. To the extent a response is required, denied.

---

[2] The additional Plaintiffs were added after the filing of the complaint in DE:60.  Defendants will address the allegations with the corresponding paragraph number reflected in the DE:60 to avoid confusion.

6.      Petitioner has been released from ICE custody.  As such, the claims are moot.
To the extent a response is required, denied.

7.      Petitioner has been removed and is no longer in ICE custody.  As such, the
claims are moot.  To the extent a response is required, denied.

8.      Admitted as to citizenship and custody. Without sufficient knowledge to admit
or deny where he will live if released.  Admit that gloves, masks, and hand sanitizers
are not available for purchase. Without evidence to admit or deny the rest of the
allegations.

9.      Admitted as to citizenship and custody.  Without evidence to admit or deny
the rest of the allegations.

10.      Petitioner has been released from ICE custody.  As such, the claims are moot.
To the extent a response is required, denied.

11.      Petitioner has been removed and is no longer in ICE custody.  As such, the
claims are moot.  To the extent a response is required, denied.

12.      Admitted as to citizenship and custody.  Admit that he is considered medically
vulnerable under the Guidelines.  Denied that he is not provided with sufficient hand
sanitizer.   Insufficient knowledge or information to admit or deny the rest of the
allegations.

13.      Admitted as to citizenship and custody.  Admit that he is considered medically
vulnerable under the Guidelines.  Insufficient knowledge or information to admit or
deny the rest of the allegations.

14.      Admitted as to citizenship and custody.  Insufficient knowledge or information
to admit or deny where he would live if released.

27

15.    Admitted as to citizenship, custody, medical vulnerability.  Admit that he was taken to Larken Hospital in Miami and tested positive.  Insufficient knowledge or information to admit or deny where he would live if released.

16.    Petitioner has been removed and is no longer in ICE custody. Denied that he is considered medically vulnerable under the CDC Guidelines. As such, the claims are moot.  To the extent a response is required, denied.

17.    Admitted as to citizenship and custody. Denied that he is considered medically vulnerable under the CDC Guidelines. Without knowledge or information to admit or deny the rest of the allegations.

18.    Admitted as to citizenship and custody. Without knowledge or information to admit or deny the rest of the allegations.

19.    Petitioner is no longer in ICE custody.  As such, the claims are moot.  To the extent a response is required, denied.

20.    Petitioner is no longer in ICE custody.  As such, the claims are moot.  To the extent a response is required, denied.

21.    Admitted as to citizenship and custody. Denied that he is considered medically vulnerable under the CDC Guidelines. Without knowledge or information to admit or deny the rest of the allegations.

22.    Admitted as to citizenship and custody. Denied that he is considered medically vulnerable under the CDC Guidelines. Without knowledge or information to admit or deny the rest of the allegations.

23.    Petitioner is no longer in ICE custody.  As such, the claims are moot.  To the extent a response is required, denied.

24.     Admitted as to citizenship and custody.  Without knowledge or information to admit or deny the rest of the allegations.

25.     Petitioner is no longer in ICE custody.  As such, the claims are moot.  To the extent a response is required, denied.

26.     Admitted as to citizenship and custody.  Without knowledge or information to admit or deny the rest of the allegations.

27.     Petitioner is no longer in ICE custody.  As such, the claims are moot.  To the extent a response is required, denied.

## DEFENSES

In further answer to Plaintiffs' Complaint and as separate defenses, Defendants state as follows:

Plaintiffs fail to state a claim for which relief can be granted

No deliberate indifference

No Accardi violation

Improper venue as to the Glades County Detention Center located in the Middle District of Florida because the immediate custodian is not a respondent in this matter.

Improper jurisdiction over Glades County Detention Center located in the Middle District of Florida

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants having fully answered Plaintiffs' Complaint, respectfully pray for judgment denying each and every prayer for relief, dismissing the action with prejudice, and granting such other relief as this Court deems just and proper.

Respectfully submitted,

**ARIANA FAJARDO ORSHAN**
**UNITED STATES ATTORNEY**

By:    s/ Dexter A. Lee
DEXTER A. LEE
Assistant U.S. Attorney
Fla. Bar No. 0936693
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
(305) 961-9320
Fax: (305) 530-7139
E-mail: dexter.lee@usdoj.gov

s/Natalie Diaz
NATALIE DIAZ
ASSISTANT U.S. ATTORNEY
Florida Bar No. 85834
E-mail: Natalie.Diaz@usdoj.gov
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Telephone: (305) 961-9306

ATTORNEYS FOR RESPONDENTS