UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-21553-Civ-COOKE/GOODMAN

**PATRICK GAYLE**, *et al.*,

    Petitioners-Plaintiffs, on behalf of
    themselves and those similarly situated,

**v.**

**MICHAEL W. MEADE**, *et al.*,

    Respondents-Defendants.
_____/

**PETITIONERS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO RESPONDENT MICHAEL W. MEADE, FIELD OFFICE DIRECTOR, MIAMI FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT**

    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Petitioners-Plaintiffs ("Petitioners") hereby request that Respondent-Defendants produce the following documents and/or data by electronic secure file-sharing site, or by such other means of transmission mutually agreed upon by the parties.

**DEFINITIONS AND INSTRUCTIONS**

    The following definitions apply to Petitioners' First Requests for Production of Documents to Respondents (the "Requests") as set forth below.

    The following definitions apply to Petitioners' First Interrogatories to Respondents (the "Interrogatories") set forth below.

    1.   "Krome" means Krome Processing Center located in Miami-Dade County, FL.

    2.   "BTC" means Broward Transitional Center located in Broward County, FL.

    3.   "Glades" means Glades County Detention Center located in Moore Haven, FL.

    4.   The terms "Three Detention Centers" shall refer to Krome Service Processing Center, Glades County Detention Center, Broward Transitional Center, and any other ICE controlled detention center where a Class Member was transferred.

5. "CDC" means the Centers for Disease Control and Prevention.

6. "Cohorting" means grouping or housing persons with a similar condition for observation over a period of time.

7. "COVID-19 Response Plans" shall refer to all plans or procedures created, referenced or implemented by Respondents in preparing for or responding to a COVID-19 outbreak or potential COVID-19 outbreak, including but not limited to plans or procedures for responses to pandemics, infectious diseases, influenza, medical or other emergencies and disasters.

8. "Guards" shall refer to individuals who serve in a guard position at a detention center, regardless of the individual's employer.

9. "Staff" shall refer to individuals who serve in a staff position at a detention center, regardless of the individual's employer.

10. "Communication" includes any occurrence whereby data, expression, facts, opinions, thought, or other information of any kind is transmitted in any form, including, without limitation, in-person conversation, telephone conversation, video chat, correspondence, discussion, meeting, memorandum, email, text message, chat message, voice message, picture message, video message, audio recording, video recording, social media posting, or any other form of in-person, written, or electronic communication.

11. "Concerning" or "relating to" means referring to, and includes, but is not limited to, analyzing, commenting on, comprising, connected with, constituting, containing, contradicting, describing, embodying, establishing, evidencing, memorializing, mentioning, pertaining to, recording, regarding, reflecting, responding to, setting forth, showing, or supporting, directly or indirectly, or having any connection, association, relevance, relation, pertinence, or applicability to, or any implication for, or bearing upon, the subject matter of these Requests for Production.

12. "At-Risk Population" means individuals with one or more of the following risk factors: age of 55 or above, pregnancy or recent pregnancy (within last 6 weeks), and serious underlying medical condition including: chronic kidney disease (including receiving dialysis); chronic liver disease (including cirrhosis and chronic hepatitis); endocrine disorders (including diabetes mellitus); compromised immune system (immunosuppression) (e.g., receiving treatment such as chemotherapy or radiation, received an organ or bone marrow

transplant and is taking immunosuppressant medications, taking high doses of corticosteroids or other immunosuppressant medications, HIV or AIDS); metabolic disorders (including inherited metabolic disorders and mitochondrial disorders); heart disease (including congenital heart disease, congestive heart failure and coronary artery disease); lung disease including asthma or chronic obstructive pulmonary disease (chronic bronchitis or emphysema) or other chronic conditions associated with impaired lung function or that require home oxygen; neurological and neurologic and neurodevelopment conditions (including disorders of the brain, spinal cord, peripheral nerve, and muscle such as cerebral palsy, epilepsy (seizure disorders), stroke, intellectual disability, moderate to severe developmental delay, muscular dystrophy, or spinal cord injury); body mass index (BMI) of 40 or greater; hypertension; smoking or history of smoking; and, any other condition identified by the Centers for Disease Control and Prevention as putting a person at a higher risk of severe illness or death from COVID-19.

13. "Detainees" means all civil immigration detainees under the jurisdiction of U.S. Immigration and Customs Enforcement detained at Krome, BTC and Glades from April 13, 2020 to present.

14. "Document" has the meaning set forth in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and includes, but is not limited to, each and every form of Communication and includes, without limitation, all written, printed, typed, recorded, or visual matter of any kind, type, nature, or description, in whatever form (e.g., final and draft versions), that is or has been in Your actual or constructive possession, custody, or control, including, but not limited to, all printed and electronic copies of electronic mail, text messages, chat messages, notes, correspondence, memoranda, tapes, handwritten notes, articles, diaries, letters, photographs, minutes, contracts, agreements, reports, computer printouts, drafts, notebooks, audio recordings, video recordings, or any written or recorded materials of any other kind, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, including on backup tapes, the Internet, or the World Wide Web.

15. "ICE" means U.S. Immigration and Customs Enforcement, including all staff, employees, contractors and agents.

16. "ICE's ERO COVID-19 Pandemic Response Requirements" means Version 1.0, April 10, 2020 of the document available at:

https://www.ice.gov/doclib/coronavirus/eroCOVID19responseReqsCleanFacilities.pdf and any supplements, additions, and changes thereto.

17. "Including" means including without limitation.

18. "Isolation" means the separation of a person or group of people known or reasonably believed to be infected with a communicable disease and potentially infectious from others to prevent the spread of the communicable disease.

19. "Person" includes any natural person or legal entity.

20. "Personal Protective Equipment" or "PPE" means equipment worn to minimize exposure to COVID-19, including, but not limited to, facemasks, N95 respirators, eye protection, disposable medical gloves, and disposable gowns/one-piece coveralls.

21. "Quarantine" means the separation of a person or group of people reasonably believed to have been exposed to a communicable disease but not yet symptomatic, from others who have not been exposed, to prevent the possible spread of the communicable disease.

22. "Social Distancing" means the keeping of space between one person and other people, including staying at least six feet apart, not gathering in groups, staying out of crowded places, and avoiding mass gatherings.

23. "You," Your," "Respondents", or "Defendants" means Respondents-Defendants Michael W. Meade and William P. Barr, together with any of their agents, attorneys, representatives, affiliates, public relations consultants, or any other Person acting under their control or on their behalf.

## INSTRUCTIONS

The following instructions apply to Petitioners' Requests for Production set forth below.

1. In providing the documents called for by this Request, you are requested to produce them as they are kept in the usual course of business or organize and label them to correspond with the categories to which they relate.

2. Documents which cannot be legibly copied should be produced in their original form.

3. These Requests are intended to cover all documents in your possession, or subject to your custody and control, whether directly or indirectly.

4. Each paragraph and subparagraph of these Requests should be construed independently and no other paragraph or subparagraph shall be referred to or relied on for the purpose of limiting the scope.

5. The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular whenever appropriate to bring within the scope of these Requests any documents which might be considered to be beyond the scope.

6. If in answering these Requests you claim any ambiguity in interpreting either an individual request or a definition or instruction applicable thereto, such claims shall not be utilized by you as a basis for refusing to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding.

7. Any document as to which you claim privilege or exemption from discovery shall be identified by date, author, description and general subject matter with a statement of the ground for privilege or exemption from discovery.

8. All designated documents are to be taken as including all attachments and enclosures. If any portion of a document is responsive to a Request, the entire document should be produced. If documents responsive to this Request are normally kept in a file or other folder, also produce that file or folder.

## REQUESTS

1. Any and all files or other documentations maintained on each named Plaintiff. Your response should include the physical A-file, the digital A-file, the T-file, medical records, grievances filed by each Plaintiff, and all Department of Homeland Security databases, including EARM, CIS, TECS, and OCMS (also known as PLAnet).

2. All COVID-19 Response Plans for the Three Detention Facilities in effect from January 1, 2020 to the present.

3. All guidance, policies, protocols and procedures regarding infection control, COVID-19 testing (for detainees, Guards and Staff), sick call requests and hospital transfers in effect at the Three Detention Centers from January 1, 2020 to the present.

4. All guidance, policies, protocols and procedures outlining how infection control policies and practices changed at any time from January 1, 2020 to the present.

5. All screening forms or other tracking documents used by the Three Detention Centers' Guards or Staff in housing areas or intake to screen from COVID-19 symptoms.

6. All documents tracking or logging reports on the presence of COVID-19 symptoms at the Three Detention Centers.

7. All documents and/or data reflecting any process undertaken at the Three Detention Centers for evaluating detainees for release in an effort to reduce the Three Detention Centers' population size due to the COVID-19 pandemic, including the dates of implementation, the decision made for each detainee evaluated and the basis for each decision.

8. All documents showing the Three Detention Centers' inventory of personal protective equipment ("PPE"), soap, hand sanitizer, and cleaning supplies from January 1, 2019 to the present, including but not limited to daily logs of materials, purchase requests, purchase orders, invoices, and receipts for purchases of personal protective equipment ("PPE"), soap, hand sanitizer, and cleaning supplies from January 1, 2019 to the present.

9. Documents showing the dates and times for disinfection of the kitchen, medical area, intake area, and housing units, including, but not limited to, any dated logs, checklists, or other forms used to keep track of disinfection, at each of the Three Detention Centers from January 1, 2020 to the present.

10. Documents and/or data identifying each detainee, Guard, Staff, or contractor at the Three Detention Centers who has had symptoms of COVID-19 and/or has been tested for COVID-19, and documents and/or data sufficient to identify whether each such person was tested for COVID-19, the date of the test, and the test result, from January 1, 2020 to the present.

11. All sick call requests or requests for medical attention and any response to these requests for medical attention at the Three Detention Centers from January 1, 2020 to the present, including any compiled data showing the number of sick call requests and medical staff encounters by month.

12. All documents showing the number, measurements, and housing capacity of all housing units, dorms, cells, pods, and any other residential spaces at the Three Detention Centers as well as the maximum distance possible between beds in multi-person residential spaces.

13. Documents and/or data sufficient to identify each detainee transferred into the Three Detention Centers from March 1, 2020 to the present, and, for each such detainee, documents and/or data sufficient to identify from where and on which date he or she was transferred.

14. All documents related to putting detainees in quarantine, cohort, isolation, solitary confinement, medical centers, hospitals or negative pressure rooms at the Three Detention Centers due to COVID-19 or concerns about COVID-19.

15. All documents related to putting staff in quarantine, cohort, isolation, solitary confinement, medical centers, hospitals or negative pressure rooms at the Three Detention Centers due to COVID-19 or concerns about COVID-19.

16. Daily staffing matrix, or other documents and/or data sufficient to identify the Guards, Staff (including both custody and health care staff), and contractors (including both custody and health care contractors) working each shift, and the unit where each person was assigned for each shift, from March 1, 2020 to the present, at each of the Three Detention Centers.

17. Documents and/or data showing any current staffing vacancies (including both custody and health care staff) at the Three Detention Centers.

18. All forms, posters, educational materials or other documents (including copies as provided in languages other than English) made available to men and women detained at Krome, Glades or BTC regarding COVID-19, infection control, health and safety from January 1, 2020 to the present.

19. All contracts pertaining to the housing, care, and safety of individuals detained at the Three Detention Centers, including but not limited to contracts between Broward County, Glades County, ICE, ICE Health Services Corps, and any private contractor.

20. All grievances filed at the Three Detention Centers since March 1, 2020.

21. All photographs, videos or other images taken at the Three Detention Centers or during transfers of men and women detained at Krome, Glades or BTC since March 1, 2020. Your response should include all video taken by surveillance or security cameras.

22. All deposition transcripts from cases in which U.S. Immigration & Customs was a party (either as a named party or as a function of an employee being sued in his or her official capacity) involving allegations related to COVID-19.

23. All internal communications, including without limitations white papers, memos, electronic emails, text messages, discussions on MS Teams or other software, regarding the response to COVID-19 at Krome, Glades and/or BTC.

24. Provide drawings or blueprints illustrating your response to Interrogatory No. 1 in Petitioners' First Set Of Interrogatories To Respondent Michael W. Meade, Field Office Director, Miami Field Office, U.S. Immigration And Customs Enforcement.

25. Provide all complaints, grievances, lawsuits, or claims for workers' compensation from any guard or staff at Krome, Glades or BTC that mentions COVID-19.

26. If you denied Request for Admission No. 17 in Petitioners' First Set of Requests for Admissions, provide all documentation supporting your denial.

27. If you denied Request for Admission No. 18 in Petitioners' First Set of Requests for Admissions, provide all documentation supporting your denial.

28. If you denied Request for Admission No. 28 in Petitioners' First Set of Requests for Admissions, provide all documentation supporting your denial.

Date: July 8, 2020

Respectfully submitted,

/s/ Scott M. Edson
Scott M. Edson, Esq.
Florida Bar No. 17258

Gregory P. Copeland*
Sarah T. Gillman*
**RAPID DEFENSE NETWORK**
11 Broadway, Suite 615
New York, NY 10004
Tel.: (212) 843-0910
Fax: (212) 257-7033
gregory@defensenetwork.org
sarah@defensenetwork.org
*Appearing Pro Hac Vice*

Rebecca Sharpless
Florida Bar No. 0131024
Romy Lerner
Florida Bar No. 116713

Scott M. Edson, Esq.
Florida Bar No. 17258
**KING & SPALDING LLP**
1700 Pennsylvania Avenue NW, STE 200
Washington, DC 20006-4707
Telephone:   (202) 737-0500
Facsimile:  (202) 626-3737
sedson@kslaw.com

Kathryn S. Lehman
Florida Bar No.: 95642
Chad A. Peterson
Florida Bar No.: 91585
**KING & SPALDING LLP**

**UNIVERSITY OF MIAMI SCHOOL OF LAW - IMMIGRATION CLINIC**
1311 Miller Drive Suite, E-273
Coral Gables, Florida 33146
Tel: (305) 284-3576
Fax: (305) 284-6092
rsharpless@law.miami.edu

Paul R. Chavez
FL Bar No. 1021395
Maia Fleischman
FL Bar No. 1010709
**SOUTHERN POVERTY LAW CENTER**
2 S. Biscayne Blvd., Ste. 3200
Miami, FL 33101
Tel: (305) 537-0577
paul.chavez@splcenter.org
maia.fleischman@splcenter.org

Lisa Lehner
Florida Bar No. 382191
**AMERICANS FOR IMMIGRANT JUSTICE**
5355 NW 36 Street, Suite 2201
Miami, FL 33166
Tel: (305) 573-1106 Ext. 1020
Fax: (305) 576-6273
Llehner@aijustice.org

1180 Peachtree Street, N.E.
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
klehman@kslaw.com
cpeterson@kslaw.com

Mark Andrew Prada
Fla. Bar No. 91997
Anthony Richard Dominguez
Fla. Bar No. 1002234
**PRADA URIZAR, PLLC**
3191 Coral Way, Suite 500
Miami, FL 33145
Tel.:   (786) 703-2061
Fax:   (786) 708-9508
mprada@pradaurizar.com
adominguez@pradaurizar.com

Andrea Montavon McKillip
Florida Bar No. 56401
**LEGAL AID SERVICE OF BROWARD COUNTY, INC.**
491 North State Road 7
Plantation, Florida 33317
Tel. (954) 736-2493
Fax (954) 736-2484
amontavon@legalaid.org

*Counsel for Petitioners*