IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

---

PATRICK GAYLE, et al.

Petitioners,

v.

MICHAEL W. MEADE,
Field Office Director, Miami Field Office, U.S. Immigration and Customs Enforcement et al.,

Respondents.

Case No. 20cv21553

---

## DECLARATION OF ACTING OFFICER IN CHARGE
## LIANA J. CASTANO

I, Liana J. Castano, Acting Officer in Charge (OIC), make the following statements under oath and subject to the penalty of perjury:

1. I am employed by U.S. Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), and currently serve as the Acting OIC of the Krome Service Processing Center (Krome). I am also an Assistant Field Office Director (AFOD) at Krome. I have held this position since September 2, 2018.

2. I provide this declaration based on my personal knowledge, belief, reasonable inquiry, and information obtained from various records, systems, databases, other DHS employees, employees of DHS contract facilities, and information portals maintained and relied upon by DHS in the regular course of business. This declaration responds to item 2(i) of the court's order of June 5, 2020 and is applicable to Krome, Broward Transitional Center (BTC), and Glades County Detention Center (Glades).

3. Between July 2, 2020 and July 10, 2020 at 11:00 a.m., ICE released, transferred or removed a total of 202 detainees. Those detainees were released, transferred or removed from the following facilities: 115 detainees from Krome, 22 detainees from Glades and 65 detainees from BTC.

4. The nature of the 115 cases from Krome are as follows:
    a. 2 detainees were released on bond.
    b. 20 detainees were removed from the United States.
    c. 1 detainee departed the United States voluntarily.
    d. 2 detainees were released on an order of supervision subsequent to a procedural ERO custody review.
    e. 5 detainees were transferred to be staged for a scheduled removal flight.
    f. 44 detainees were transferred to Glades County Detention Center based on risk classification and bed space needs after a custody re-evaluation.
    g. 30 detainees were transferred to BTC based on risk classification and bed space needs after a custody re-evaluation.
    h. 10 detainees were transferred to Baker based on risk classification and bed space needs after a custody re-evaluation.
    i. 1 detainee was transported to a local hospital for evaluation and treatment.

5. The nature of the 22 cases from Glades are as follows:
    a. 4 detainees were released on bond.
    b. 4 detainees were released on an order of supervision subsequent to a procedural ERO custody review.
    c. 3 detainees were released from ERO custody after an immigration judge granted relief.
    d. 11 detainees were transferred from Glades to Krome based upon risk classification and bed space needs after a custody re-evaluation.

6. The nature of the 65 cases from BTC are as follows:
    a. 44 detainees were removed from the United States.
    b. 1 detainee was released on bond.
    c. 1 detainee was released from custody after an immigration judge granted relief.
    d. 1 detainee was turned over to another law enforcement agency.
    e. 10 detainees were transferred from BTC to Krome based upon risk classification and bed space needs after a custody re-evaluation.
    f. 5 detainees were transferred from BTC to Baker Detention Center based upon risk classification and bed space needs after a custody re-evaluation.
    g. 2 detainees were transferred to be staged for a scheduled removal flight.
    h. 1 detainee was transported to a local hospital for medical evaluation and treatment.

DATED: July 10, 2020,

_____
Digitally signed by LIANA J CASTANO
Date: 2020.07.10 15:55:07 -04'00'

Liana J. Castano
Assistant Field Office Director
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement