UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PATRICK GAYLE, et al.,

    Petitioners,

v.

MICHAEL W. MEADE,
Field Office Director, Miami Field Office,
U.S. Immigration and Customs Enforcement, et al.,

    Respondents.

Case No. 20cv21553

## DECLARATION SUPERVISORY DETENTION AND DEPORTATION OFFICER SABY I. SANTIAGO

I, Saby I. Santiago, hereby declare:

1. I am a Supervisory Detention and Deportation Officer for Enforcement and Removal Operations (ERO), Immigration and Customs Enforcement (ICE), U.S. Department of Homeland Security, (DHS). I am assigned to Detained Case Management at the Broward Transitional Center (BTC) in Pompano Beach, Florida. I have been employed by ICE since 2009.

2. I provide this declaration based on my personal knowledge, belief, reasonable inquiry, and information obtained from various records, systems, databases, other DHS employees, employees of DHS contract facilities, and information portals maintained and relied upon by DHS in the regular course of business.

3. I am familiar with the case of Sirvanildo Bibiano Soares (Petitioner). Petitioner is native and citizen of Brazil. He entered the United States at an unknown place, date, and time.

4. On January 6, 2020, the Florida Highway Patrol (FHP) arrested Petitioner in Key Largo, Florida during a traffic stop. FHP contacted Border Patrol seeking assistance in identifying Petitioner, and DHS lodged a detainer with the Monroe County jail where Petitioner was detained.

5. On March 5, 2020, Petitioner was adjudicated guilty of driving under the influence and operating a motor vehicle without a valid driver's license in *State v. Soares*, case no.

20MM33AP (Monroe County, Fla.). The same day, Petitioner's custody transferred to ICE, and he was served with a Notice to Appear, placing him in removal proceedings and charging him with inadmissibility under section 212(a)(6)(A)(i) of the Immigration and Nationality Act (Act).

6. On or about April 23, 2020, Petitioner, through counsel, requested from ERO release on a humanitarian parole. Since Petitioner was present in the United States without having been admitted or paroled, he was ineligible for a parole and was only eligible for a custody redetermination (bond).

7. Petitioner requested a custody redetermination hearing before an Immigration Judge. On May 4, 2020, the Immigration Judge denied Petitioner's request for release on bond. Petitioner did not appeal the Immigration Judge's decision to the Board of Immigration Appeals.

8. On August 3, 2020, the Immigration Judge issued a written decision denying Petitioner's applications for relief from removal and ordered him removed to Brazil. Petitioner has 30 days from the date of the decision to appeal the removal order to the Board of Immigration Appeals. As of today, the Board of Immigration Appeals does not reflect that Petitioner has filed an appeal. He has until September 2, 2020 to file one. Until then, Petitioner is subject to custody under section 236(a) of the Act. If Petitioner does not file an appeal by September 2, 2020, the removal order is deemed final, where custody is mandated by section 241 of the Act to process Petitioner for removal.

I declare, under penalty of perjury under 28 U.S.C. § 1746, that the foregoing is true and correct based on information obtained from my review of Petitioner's case, the electronic databases to which I have access, and other individuals employed by ICE.

Dated: August 18, 2020.

Saby I. Santiago
Supervisory Detention and Deportation Officer
Immigration Customs Enforcement
Enforcement Removal and Operations
Pompano Beach, Florida