UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-21553-Civ-COOKE/GOODMAN

PATRICK GAYLE, *et al.*,

    Petitioners-Plaintiffs, on behalf of
    themselves and those similarly situated,

v.

MICHAEL W. MEADE, *et al.*,

    Respondents-Defendants.

_____/

## PETITIONER LUIS ENRIQUE LOPEZ PEÑA'S REPLY IN SUPPORT OF PETITIONER'S RENEWED MOTION TO INTERVENE

Petitioner, Luis Enrique Lopez Peña ("Mr. Lopez Peña"), respectfully files this Reply in support of his Renewed Motion to Intervene [D.E. 307], and in support states:

### INTRODUCTION

The intervention of Mr. Lopez Peña, a class member, is not only permissible, but is also necessary for Mr. Lopez Peña's health and safety. Mr. Lopez Peña is extremely vulnerable to COVID-19 because he suffers from severe asthma. The unsafe conditions at El Paso Service Processing Center ("El Paso SPC") and the lack of adherence to CDC Guidelines only heightens and exacerbates the risk to Mr. Lopez Peña. Permitting Mr. Lopez Peña to intervene to file his individual Petition is not only permissible, but is the most efficient use of judicial resources, the most cost-effective use of government resources, and the swiftest route to justice for Mr. Lopez Peña.

## **ARGUMENT**

Respondents do not deny the veracity, severity, or urgency of Mr. Lopez Peña's situation, nor do they challenge the fact that Mr. Lopez Peña has been detained for a period in excess of 180 days without any foreseeable likelihood of removal. Respondents also do not challenge the fact that this class member was transferred from Broward Transitional Center ("BTC") to El Paso SPC, which is a demonstrably inferior facility, and that this transfer was ICE's attempt to depopulate BTC. Respondents do not contest the conditions at El Paso SPC, including the inability of detainees to practice social distancing and the absence of a mask-wearing requirement. Instead, Respondents raise several baseless arguments that have already been rejected by this Court.

First, Respondents contend that this Court lacks jurisdiction, because Mr. Lopez Peña is no longer in the custody of Respondents. This argument, however, was already addressed and rejected by this Court in its June 6, 2020 Order. [D.E. 158 at 38]; *see also* [D.E. 282] (where this Court granted a motion to intervene for a similarly situated petitioner who at the time of filing his motion to intervene was being detained at Baker County Detention Center). In its June 6, 2020 Order, this Court certified as class members "[a]ll current civil immigration detainees who are now held by ICE at Krome, BTC, and Glades, *when this action was filed*." *Id.* The Court further held that it "shall retain jurisdiction over all class members who are transferred to other facilities regardless of where those facilities are located." *Id.; see also Ahrnes v. Clark*, 335 U.S. 188, 193 (1948) (stating, "jurisdiction of the District Court [is] not defeated [by transferring a habeas corpus petitioner to a different district and court], no matter how proper the motive behind the removal . . . in that situation the court can act as long as it can reach the person who has custody of the petitioner."). Thus, it is undisputed that Mr. Lopez

Peña is a member of the class and that the Court retained jurisdiction over him despite his transfer from BTC to El Paso SPC.

Second, Respondents' contention that Mr. Lopez Peña's claims do not stem from the same questions of law or fact as *Gayle* is demonstrably false. As an initial matter, Mr. Lopez Peña is a member of the *Gayle* class, because he was detained at BTC when the case was filed. [D.E. 158 at 38]. Further, Mr. Lopez Peña's claim for habeas relief shares with other habeas claims in *Gayle* common issues of law, common Respondents, and common factual concerns about exposure to COVID-19 in ICE facilities. These issues raised by the *Gayle* class regarding ICE facilities are identical to those raised by Mr. Lopez Peña—inability to social distance, inadequate sanitation, and inconsistent use of face masks. Notably, the legal issues raised by Mr. Lopez Peña are identical to the other class members.

Third, the *Gomez* case cited by Respondents, a criminal case, does not apply to Mr. Lopez Peña. *Gomez v. United States*, 899 F. 2d 1124 (11th Cir. 1990). As a civil detainee, Mr. Lopez Peña is afforded higher protection than prisoners. *See* [D.E. 158 at 27] ("And civil detainees are afforded 'more constitutional protection, more considerate treatment, and conditions of confinement than criminals whose conditions of confinement are designed to punish.' *Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982)."). Therefore, Respondents are incorrect in their assertion that "the alleged unconstitutional conditions of confinement are irrelevant to the lawfulness of [Mr. Lopez Peña's] custody…." [D.E. 333 at 4]. In fact, the conditions of Mr. Lopez Peña's confinement, which make the likelihood of irreparable harm to Mr. Lopez Peña significant and imminent, are directly relevant to his continued confinement.

Fourth, Respondents' claim that the Court did not certify the individual claims based

on the unlawful conditions is irrelevant. Mr. Lopez Peña is indisputably a member of the class that was certified and like the other class members, he should be permitted to bring his individual claim relating to the conditions of his confinement, which parallels the habeas claims the named plaintiffs have already brought in this action, as well as the legality of his detention.

Lastly, Respondents' argument that it will be prejudiced by the "undue delay" caused by involving "another facility" in the litigation is likewise without merit. [D.E. 333 at 4]. The conditions at El Paso SPC are identical to those in the ICE facilities raised by the *Gayle* class. Those facts—pertaining to overcrowding, lack of social distancing, poor hygiene practices, and inadequate medical care—overlap with and are common to allegations about El Paso SPC in Mr. Lopez Peña's habeas petition and complaint. Thus, the legal facts and issues are identical regardless of where the detainees are located. Further, this argument ignores the fact that the Court retained jurisdiction over Mr. Lopez Peña, who is a class member. Similar to the other class members, Mr. Lopez Peña should be permitted to intervene to assert a claim for habeas corpus relief despite Respondents' attempt to circumvent this Court's jurisdiction by transferring Mr. Lopez Peña after this action was filed. *See* [D.E. 282] (where this Court granted a motion to intervene under a similar set of facts).

## **CONCLUSION**

The violation of Mr. Lopez Peña's basic rights by Respondents at El Paso SPC is an urgent situation that calls for a swift remedy. Mr. Lopez Peña is an extreme risk of contracting COVID-19 again and suffering further complications if he remains in El Paso SPC. For the reasons set forth in the Motion to Intervene, the Court should permit Mr. Lopez Peña to intervene as a party plaintiff under Rule 24(b).

Dated: September 10, 2020

Respectfully submitted,

**NELSON MULLINS BROAD AND CASSEL**

2 S Biscayne Blvd.
Suite 2100
Miami, FL 33131
Phone: 305.373.9400
Fax: 305.373.9443

By: /s/    *Kayla Keller*
KAYLA KELLER
Florida Bar No.: 1002295
Kayla.Keller@NelsonMullins.com
FRANCISCO ARMADA
Florida Bar No.: 45291
Francisco.Armada@NelsonMullins.com
DANIELA FERRO
Florida Bar No.: 111479
Daniela.Ferro@NelsonMullins.com

*Attorneys for Intervenor*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of September, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

/s/ *Kayla Keller*
Kayla Keller, Esq.