UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-21553-COOKE/GOODMAN

PATRICK GAYLE, et al.,

    Plaintiffs,

v.

MICHAEL W. MEADE, et al.,

    Defendants.

_____/

**<u>ORDER ON MOTION TO INTERVENE [ECF No. 494]</u>**

This Order concerns a Motion to Intervene filed by Miguel Angel Zetina. [ECF No. 494]. Respondents filed an opposition to Mr. Zetina's Motion to Intervene [ECF No. 520] and Mr. Zetina filed a reply [ECF No. 521]. United States District Judge Marcia G. Cooke referred all non-dispositive pre-trial matters, including motions to intervene, to the Undersigned. [ECF Nos. 11; 309].

In the Court's June 2, 2020 Order, Judge Cooke certified as class members "all current civil immigration detainees who are held by ICE at Krome, BTC and Glades when this action was filed, or in the future." [ECF No. 158, p. 38]. In addition, in the same Order, Judge Cooke also ruled that the Court "shall **retain jurisdiction over** all class members who are **transferred** to other facilities **regardless of where those facilities are located.**" *Id.* (emphasis added).

Therefore, Respondents' argument that Mr. Zetina has been transferred to another immigration facility outside of South Florida (i.e., Torrance County Detention Facility in New Mexico) is unpersuasive, given that the Court has already rejected the argument.

Further, the Undersigned rejects Respondents' argument that the Court lacks jurisdiction over Zetina "because Petitioner's custodian is not any of the Respondents, but instead is Chad Miller, the Warden of Torrance County Detention Facility." [ECF No. 520, p. 3]. The Undersigned does not find this argument to be persuasive because courts have routinely found that parties such as the Attorney General are proper respondents in similar cases.[1] Additionally, Respondents in this case are Michael W. Meade, the Field Office Director, Miami Field Office, U.S. Immigration and Customs Enforcement, and the United States Attorney General. If Respondents were to raise an argument regarding the "immediate custodian" rule, it would "not apply in this case [because] at least one of the respondents identified by [the petitioner] can provide him the relief he requests." *Sanchez-Penunuri v. Longshore*, 7 F. Supp. 3d 1136, 1141-51, 1151 (D. Colo. 2013) (naming local Field Office Director, DHS Secretary, ICE Director, and the Attorney General as respondents).

Moreover, "[w]hen immigration detainees are held in state and local institutions

---

[1] *See, e.g., Small v. Ashcroft*, 209 F. Supp. 2d 294, 296 (S.D.N.Y. 2002); *Barton v. Ashcroft*, 152 F. Supp. 2d 235, 239-40 (D. Conn. 2001); *Pena-Rosario v. Reno*, 83 F. Supp. 2d 349, 362 (E.D.N.Y. 2000); *Pottinger v. Reno*, 51 F. Supp. 2d 349, 357 (E.D.N.Y. 1999); Mojica v. *Reno*, 970 F. Supp. 130, 165-67 (E.D.N.Y. 1997).

-- as they frequently are -- a writ directed to the warden of the institution would make little legal sense, as the wardens' control over immigration detainees in their institutions results from their limited contractual arrangements with federal authorities. Although local and state authorities may contract with federal agencies to house, maintain, and guard detainees, they do not have any power to release detainees except if explicitly commanded to do so by federal authorities. It is therefore not logical to demand that an immigration detainee's petition be directed to a local or state warden who in reality has no legal power and, often, little actual power to 'bring forth the body' of the detainee." *Armentero v. I.N.S.*, 340 F.3d 1058, 1068 (9th Cir. 2003).

Under Respondents' view, they could routinely transfer detainees to other centers to avoid having a proper respondent named as a party. The Court implicitly agreed with this assessment when it previously ruled that jurisdiction would be retained even if Respondents transferred detainees to other facilities.

Finally, the Undersigned finds that Zetina's habeas claim shares a common issue of law because he challenges his detention based on due process concerns (much like many members of the instant class) and has been impacted by "the unique circumstances presented by COVID-19," resulting in his "custody for an uncertain, prolonged period of time." *Spaulding v. Moore*, No. 1:20-cv-21378-UU (S.D. Fla. Apr. 29, 2020) [ECF No. 22, p. 17].

The Undersigned therefore **grants** Mr. Zetina's Motion to Intervene, finding it

appropriate under Federal Rule of Civil Procedure 24(b)(1).

However, Mr. Zetina must separately file on CM/ECF, as a uniquely-filed document, his draft habeas petition or motion for release, which was attached as an exhibit to his Motion to Intervene. [ECF No. 494-1].

**DONE AND ORDERED** in Chambers, in Miami, Florida, on February 26, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All counsel of record