UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-21553-COOKE/GOODMAN

PATRICK GAYLE, et al.,

    Plaintiffs,

v.

MICHAEL W. MEADE, et al.,

    Defendants.

_____/

**ORDER ON MOTION TO INTERVENE [ECF No. 582]**

This Order concerns a Motion to Intervene filed by Werlin Alberto Martinez. [ECF No. 582]. Respondents filed an opposition to Mr. Martinez's Motion to Intervene [ECF No. 603] and Mr. Martinez filed a reply [ECF No. 610]. United States District Judge Marcia G. Cooke referred all non-dispositive pre-trial matters, including motions to intervene, to the Undersigned. [ECF Nos. 11; 309].

In the Court's June 2, 2020 Order, Judge Cooke certified as class members "all current civil immigration detainees who are held by ICE at Krome, BTC and Glades when this action was filed, or in the future." [ECF No. 158, p. 38]. As of the date of Mr. Martinez's reply on March 25, 2021, Mr. Martinez is currently detained at the Krome detention center. [*See* ECF Nos. 603-4; 610]. Accordingly, Mr. Martinez falls under this Court's definition of a class member in this case.

Mr. Martinez is a native and citizen of the Dominican Republic. [ECF No. 603-1, p. 3]. On October 1, 1984, Petitioner was accorded Lawful Permanent Resident status. *Id.* Since February 8, 2021, Mr. Martinez has been in the custody of Immigration Customs Enforcement ("ICE") at Krome because of his pending removal case before the Philadelphia immigration court, which relates to his 2000 and 2001 misdemeanor convictions and his 2004 felony conviction. [ECF Nos. 582, pp. 4-5; 603-2, pp. 1, 3]. On February 8, 2021, Mr. Martinez was taken into custody at Miami International Airport after returning from an international flight. [*Id.* at 5; ECF No. 603-3, p. 1].

Martinez has filed a *habeas* petition in this case [ECF No. 582], challenging his custody. Respondents argue that Martinez's motion to intervene should be denied because it "involves an analysis of a different set of facts and applicable law" because Martinez "challenges ICE's decision to detain him and not provide him with a bond hearing." [ECF No. 603, p. 3].

Nevertheless, the Undersigned finds that Mr. Martinez's *habeas* claim shares a common issue of law and fact as alleged by the class members in this case because he challenges his detention based on due process concerns (much like many members of the instant class) and he has been impacted by "the unique circumstances presented by COVID-19," resulting in his "custody for an uncertain, prolonged period of time." *Spaulding v. Moore*, No. 1:20-cv-21378-UU (S.D. Fla. Apr. 29, 2020) [ECF No. 22, p. 17]. Specifically, Mr. Martinez alleges that he "is unnecessarily subject to mandatory

detention; currently detained at the Krome detention center; affected by the concerning **conditions surrounding the pandemic** in the Krome detention center; and continues to be **exposed to such conditions** while in custody, through present day." [ECF No. 610, p. 1 (emphasis added)].

The Undersigned therefore **grants** Mr. Martinez's Motion to Intervene, finding it appropriate under Federal Rule of Civil Procedure 24(b)(1).

However, Mr. Martinez must separately file on CM/ECF, as a uniquely-filed document, his draft *habeas* petition or motion for release, which was attached as an exhibit to his Motion to Intervene. [ECF No. 582-1].

**DONE AND ORDERED** in Chambers, in Miami, Florida, on April 6, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All counsel of record