# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

### CASE NO. 20-21553-COOKE/GOODMAN

PATRICK GAYLE, et al.,

    Plaintiffs,

v.

MICHAEL W. MEADE, et al.,

    Defendants.

_____/

### REPORT AND RECOMMENDATIONS
### ON REQUEST FOR SECOND RULE 30(b)(6) DEPOSITION
### (WITH EXTREMELY ACCELERATED OBJECTIONS DEADLINE)

Plaintiffs/Petitioners scheduled a discovery hearing on April 7, 2021 because they want to take a second Rule 30(b)(6) deposition from Defendants/Respondents. The discovery cutoff ended on November 6, 2020, however, and the bench trial is scheduled for April 27, 2021. Recognizing that the Undersigned lacks authority to unilaterally and materially alter the trial scheduling order (and discovery deadline) entered by United States District Judge Marcia G. Cooke, Plaintiffs asked the Undersigned to enter a Report and Recommendations ("R & R"). They want the R & R to recommend that Judge Cooke permit the Rule 30(b)(6) deposition because of a recent and significant development -- which they say generates a change in Defendants' position which is so substantial that it leads to a "complete reversal" of prior Rule 30(b)(6) testimony. Plaintiffs did not explain

why they scheduled this issue for a discovery hearing rather than directly filing a motion with Judge Cooke, requesting the same relief.

Defendants oppose the motion. Relying upon Plaintiffs' representation that the requested discovery would not lead to a postponement or rescheduling of the bench trial, the Undersigned **respectfully recommends** that the Rule 30(b)(6) deposition **be permitted**. The procedural history and rationale are outlined below. Given the tight deadlines, the Undersigned assumes that the parties are intimately familiar with the background. Therefore, only the main and necessary highlights will be mentioned.

Plaintiffs are persons who Immigration and Customs Enforcement ("ICE") is detaining (or has detained and then transferred) at three South Florida detention centers. Their lawsuit challenges the conditions at the three centers. They contend that their health and lives are in jeopardy at the centers because the novel Coronavirus ("COVID-19") unreasonably exposes them all to the potentially deadly virus. They claim that ICE has been deliberately indifferent to their plight.

Plaintiffs have already taken a Rule 30(b)(6) deposition of Defendants, who provided two designees; one testified about two facilities and the other testified about the third facility. At that time, ICE's designees testified that the agency had no plan in place to vaccinate any of the detainees at the three centers.

**But that is no longer true.**

According to Plaintiffs' counsel (and defense counsel did not in any way contest

the representation), ICE has now received a formal, written vaccination plan -- and it is effective January 25, 2021.

Nevertheless, on February 2, 2021, in their response [ECF No. 532] to Defendants' summary judgment motion [ECF No. 484], Plaintiffs argued that the lack of a vaccine program constituted deliberate indifference. Plaintiffs did not at that time know of the vaccine plan which was effective on January 25, 2021, and Defendants did not produce the written plan to them then.

On February 16, 2021, Defendants filed their reply [ECF No. 553] in support of their summary judgment motion. In their reply, Defendants did **not** argue that there is a written vaccination plan. To the contrary, their memorandum discussed the issue as though no plan existed. Specifically, on pages 5-6, Defendants argued:

> Plaintiffs argue that, **because defendants have not prepared a COVID-19 vaccine plan for detainees,** the **absence of such a plan** displays deliberate indifference. D.E. 532 at 8-9. This argument fails for several reasons. First, millions of Americans anxiously await their turn to receive the COVID-19 vaccination, and those who are in the priority categories have expended tremendous effort to get vaccinated. Demand far exceeds supply, yet plaintiffs suggest that, **if defendants had a plan for vaccine distribution**, somehow defendants could obtain the vaccine. **The lack of a vaccine plan** does not expose plaintiffs to an unreasonable risk of serious damage to their future health, when there is no vaccine available to administer. Second, plaintiffs do not suggest that supplies of vaccine are available to defendants. Like everyone else, detention facilities must wait their turn. With no supply of vaccine available, **the lack of a plan on how to administer vaccine** does not increase the risk of harm to plaintiffs. A superb plan means nothing without having vaccine to put in detainees' arms. Finally, in a deliberate indifference claim, "the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Chandler v. Crosby*, 379 F.3d at 1289. The risk of not getting

>vaccinated as promptly as one wishes is a risk that society tolerates because demand far exceeds supply.

[ECF No. 553 (emphasis added)].

Based on this Reply, Plaintiffs were still unaware that a written, formal vaccine plan existed.

On February 26 and March 1, 2021, ICE revised its written vaccination plan. But Plaintiffs did not become aware that a written vaccine plan even existed until March 9, 2021, when Defendants finally produced a copy to them. Defendants immediately requested an updated Rule 30(b)(6) deposition, but Defendants refused to produce one.

Plaintiffs say they do not want to "litigate in the dark" and further argue that Defendants have two choices at trial: (1) they can stick to the now-incorrect Rule 30(b)(6) testimony that there is no vaccination plan, or (2) they can accurately provide evidence about the vaccination plan and explain whether a vaccine supply has been provided and, if so, the current specifics of the vaccination program. But if Defendants opt for the second alternative, Plaintiffs say, then they must be given the opportunity to take another Rule 30(b)(6) deposition. Otherwise, Plaintiffs say, they will be unfairly prejudiced and will not be adequately prepared to confront this new and significantly different scenario.

Plaintiffs say their requested deposition would be limited to two hours per designee. Thus, if Defendants were to use the same arrangements as they used in the

4

earlier session, then they would provide two designees and Plaintiffs would have a total of four hours. If Defendants produce one designee to provide binding testimony about all three facilities, then Plaintiffs would be limited to a two-hour deposition.

In response to questions from the Undersigned, Plaintiffs' counsel explained that he likely would want their expert to review the transcript from the supplemental Rule 30(b)(6) deposition and possibly use it to generate a supplemental expert report. He conceded that the opinion of Plaintiffs' expert might change if the vaccination plan were already underway at one or more of the three ICE detention facilities. Plaintiffs' counsel also opined that the trial date would not need to be moved as a result of the possible events described above.

But defense counsel advised that the vaccination protocol has not been implemented yet at the three facilities. She explained that none of the facilities have received any vaccine supply. Moreover, she noted that all three facilities are on a Florida Department of Health waiting list.

Defense counsel did not know when the facilities expected the supplies to arrive. She did not know if other ICE facilities in Florida or anywhere else in the country have received any vaccine supply. She also did not know what efforts ICE had made to move up on the waiting list.

Moreover, defense counsel argued, the vaccine plan is fluid because future developments could affect a Rule 30(b)(6) deposition and might create the need for

5

yet a *third* Rule 30(b)(6) deposition. For example, what if the vaccine plan was not implemented when the next Rule 30(b)(6) deposition is taken but the vaccine becomes available two days later? Would that lead to another deposition request? In response to a question from the Undersigned, Plaintiffs' counsel could not commit to not seeking any additional Rule 30(b)(6) depositions and conceded that such a scenario might happen.

All parties concede that the Court has broad discretion in discovery, discovery scheduling, and trial scheduling issues. Judge Cooke certainly has the authority and jurisdiction and discretion to enlarge the discovery deadline for a limited purpose and to modify the trial date. No party said otherwise.

The issues of whether ICE has a vaccination plan in place, whether it has started administering vaccines, and what steps it took to obtain a vaccine supply are all directly relevant to Plaintiffs' core allegation that Defendants are, and have been, deliberately indifferent to Plaintiffs' medical and health risks from the COVID-19 virus. Obtaining Rule 30(b)(6) testimony would help inform the Court's analysis on these basic and overarching issues.

On the other hand, it would be silly and illogical for Defendants to maintain their earlier testimony-based position and say at trial that there is no vaccine plan. But if they were to provide updated and correct information (i.e., that there is a formal, written plan but no supply has been delivered), then it would be unduly

prejudicial to deny Plaintiffs the ability to obtain discovery about the vaccine plan. There are myriad questions which Plaintiffs' counsel could ask at a Rule 30(b)(6) deposition even if the vaccine supply had not yet been delivered.

Given the importance of the existence of a vaccine plan to the deliberate indifference theory, the Undersigned **respectfully recommends** that Plaintiffs be **permitted** to take a Rule 30(b)(6) deposition on the vaccination plan. The deposition would be limited to two hours per designee (for a maximum of six hours) and must be taken by April 19, 2021. Moreover, if Plaintiffs are able to obtain an expedited deposition transcript, then they may arrange for their expert witness to produce a supplemental report by April 21, 2021. Defendants would be permitted to take a follow-up deposition of Plaintiffs' expert by April 26, 2021 if any new or different opinions were provided in the supplemental expert report.[1]

### Objections

The parties will have until **noon** on April 9, 2021 to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection by **noon** on April 10, 2021.[2] Failure to timely file objections shall bar the parties from a *de*

---

[1] Plaintiffs pointed out in the discovery hearing that Defendants never took the deposition of their expert, so perhaps Defendants would not use this opportunity. But if they did want to pursue this discovery tool, then the parties shall cooperate in scheduling the deposition, including having the deposition on a Saturday or Sunday or in the evening.

[2] The Undersigned is well aware that April 10, 2021 is a Saturday.

7

*novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on April 7, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All counsel of record