UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-21553-Civ-COOKE/GOODMAN

**PATRICK GAYLE**, *et al.*,

    Petitioners-Plaintiffs, on behalf of
themselves and those similarly situated,

v.

**MICHAEL W. MEADE**, *et al.*,

    Respondents-Defendants.
_____/

JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT
AND SCHEDULING OF FAIRNESS HEARING

Petitioners-Plaintiffs and Respondents-Defendants, by and through their undersigned counsel, file their Joint Motion for Preliminary Approval of Settlement Agreement and Scheduling of Fairness Hearing, and state:

1. The parties have reached a Settlement Agreement that resolves the class-wide claims asserted by petitioners-plaintiffs in their Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (D.E. 1). The Settlement Agreement has been filed with the Court under seal, contemporaneous with the filing of the instant motion.

2. The parties seek the Court's approval of the Settlement Agreement pursuant to Fed.R.Civ.P. 23(e), and the scheduling of a fairness hearing pursuant to Rule 23(e)(2). "Before approving a class-action settlement, a district court must 'determine that it [is] fair, adequate, reasonable, and not the product of collusion.'" Leverso v. Southtrust Bank of AL., Nat. Assoc., 18 F.3d 1527, 1530 (11th Cir. 1994), citing Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984). Moreover, "[a] threshold requirement is that the trial judge undertake an analysis of

the facts and the law relevant to the proposed compromise." Cotton v. Hinton, 559 F.2d 1326, 1330 (5th Cir. 1977). Rule 23(e)(2)(A) – (D) sets out factors for a Court to consider in evaluating a proposed settlement to determine if it is fair, reasonable, and adequate.

3. The Settlement Agreement was negotiated at arms' length after vigorous litigation of both merits issues and discovery issues. Discovery was largely completed in the case, and the Agreement was reached on the eve of trial with a dispositive motion pending and in the context of the constantly evolving landscape surrounding COVID-19. This dynamic created uncertainty and litigation risk to both sides.

4. The Settlement Agreement and the instant motion provide sufficient detail to allow this Court to decide, under Rule 23(e)(1)(B), that notice must be given in a reasonable manner to all class members who would be bound by the proposal, and to schedule a fairness hearing.

5. Accordingly, the parties respectfully request this Court to: (1) preliminarily approve the Settlement Agreement; (2) direct that notice be given to all class members who would be bound by the proposal of the Settlement Agreement; and (3) schedule a fairness hearing on the Settlement Agreement.

DATED:     June 28, 2021

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

/s/ Scott M. Edson
Scott M. Edson, Esq.
Florida Bar No. 17258
**KING & SPALDING, LLP**
1700 Pennsylvania Avenue, N.W.
Suite 200
Washington, DC 20006-4707
(202) 737-0500

By:     s/ Dexter A. Lee
DEXTER A. LEE
Assistant U.S. Attorney
Fla. Bar No. 0936693
99 N.E. 4th Street, Suite 300
Miami, Florida 33132

| | |
|---|---|
| Fax:  (202) 626-3737<br>sedson@kslaw.com | (305) 961-9320<br>Fax:  (305) 530-7139<br>E-mail:  dexter.lee@usdoj.gov |
| /s/ Kathryn S. Lehman<br>Kathryn S. Lehman<br>Florida Bar No. 95642<br>**KING & SPALDING LLP**<br>1180 Peachtree Street, N.E.<br>Atlanta, Georgia  30309<br>(404) 572-4600<br>Fax: (404) 572-5100<br>klehman@kslaw.com | s/ Natalie Diaz<br>NATALIE DIAZ<br>Assistant U.S. Attorney<br>Fla. Bar No.  85834<br>99 N.E. 4th Street, Suite 300<br>Miami, Florida  33132<br>(305) 961-9306<br>Fax:  (305) 530-7139<br>E-mail:  Natalie.diaz@usdoj.gov |
| COUNSEL FOR PETITIONERS-PLAINTIFFS | COUNSEL FOR RESPONDENTS-DEFENDANTS |