UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 20-21553-Civ-COOKE/GOODMAN

PATRICK GAYLE, et al.,

    Petitioners-Plaintiffs, on behalf of
    themselves and those similarly situated,

v.

MICHAEL W. MEADE, et al.,

    Respondents-Defendants.
_____/

**REPORT AND RECOMMENDATIONS ON JOINT MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

This case involves claims arising from Plaintiffs' allegedly unconstitutional conditions of confinement in three Florida detention facilities. In June 2020, the Court certified the following class under Federal Rule of Civil Procedure 23(b)(2):

> All civil immigration detained individuals held by Respondents at the Krome Service Processing Center ("Krome"), the Broward Transitional Center ("BTC"), or at Glades County Detention Facility ("Glades") when this action was filed, since this action was filed, or in the future.

[ECF No. 158 at 20, 26].

The parties have since applied to the Court [ECF No. 698] for an Order preliminarily approving the settlement of this action in accordance with the terms and provisions of the Settlement Agreement dated June 28, 2021 (the "Settlement

1

Agreement"), which sets forth the terms and conditions for a proposed settlement of this lawsuit. United States District Judge Marcia G. Cooke referred [ECF No. 703] the joint motion for preliminary approval of the Settlement Agreement to the Undersigned.

I have reviewed the Settlement Agreement and the comprehensive Memorandum of Law [ECF No. 727], which Plaintiffs submitted in support of the joint motion. In addition, the Undersigned is familiar with the history of the case, having issued myriad Orders and Reports and Recommendations and having held several hearings, some of which lasted for several hours.

I have concluded that good cause supports the Settlement Agreement of this class action. Therefore, the Undersigned **respectfully recommends** that the Court **GRANT** the Joint Motion for Preliminary Approval of Settlement Agreement and Scheduling of Fairness Hearing:

1. This R&R incorporates by reference the definitions in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the lawsuit, the parties, and all members of the class.

3. At the final fairness hearing, the Court will consider whether the terms of the Settlement Agreement are fair, reasonable, adequate, and in the best interests of the Settlement Class, and whether final orders and judgments in accordance with the terms of the Settlement Agreement should be entered.

4.     Class counsel have adequately represented the Class for the purpose of entering into and implementing the Settlement Agreement. Class counsel have made reasonable efforts to consult with class members, including by seeking input from other legal representatives who have day-to-day contact with class members.

Class counsel, who collectively have decades of experience litigating highly complex class actions and other lawsuits, have invested a significant amount of time and resources to litigate the case pro bono, including by reviewing thousands of documents produced by Defendants, by taking eleven depositions, by continually seeking input from other legal representatives who have regular, day-to-day contact with class members, and by managing the class action on a dramatically tightened and intensive litigation schedule for well over a year.

Furthermore, class counsel have vigorously represented class members' interests during the settlement negotiations, resulting in settlement terms that largely extend the requirements of this Court's preliminary injunction order and assure class members of continued access to personal protective equipment, social distancing opportunities, and other safety protocols that are critical to mitigate the risk of COVID-19's spread throughout the detention facilities.

The Settlement Agreement was reached after a month of vigorous negotiations between highly experienced counsel for Plaintiffs and Defendants, who were informed by information produced during a year of intensive litigation—including the production

of 39,000 documents totaling more than 293,000 pages; eleven depositions; multiple evidentiary hearings; and briefings on the motion for class certification, multiple motions to compel, and Defendants' motion for summary judgment. The relief provided in the Settlement Agreement largely covers the terms of this Court's June 2020 preliminary injunction and then provides important protections for the class members on top of those.

It should be noted that class counsel have performed their tireless work entirely for the benefit of the class members. To obtain these benefits on behalf of the class, class counsel have foregone any right to seek attorneys' fees or to recoup the fees they have expended in pursuing this action. Their effort should be commended, and the Undersigned does not hesitate to do so here. Their work has been selfless, substantial, and worthy of recognition by their clients, colleagues, and law firms.

Class counsel for Plaintiffs negotiated the Settlement Agreement with Defendants' counsel at arm's length, as required by Rule 23(e)(2)(B). As noted above, counsel for Plaintiffs and Defendants benefit from an extensive factual and legal record throughout the negotiations, giving counsel the opportunity to develop an informed understanding of the merits of the claims and thereby supporting a "preliminary finding of fairness." *In re Checking Account Overdraft Litig.*, 275 F.R.D. 654, 661–62 (S.D. Fla. 2011) ("Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness.").

4

Furthermore, the parties engaged a mediator—the Honorable Jacqueline Hogan Scola, a retired judge with more than seventeen years' experience on the bench and an extensive background litigating federal cases before that—to assist with the negotiations. Judge Hogan Scola's involvement further weighs in favor of fairness. *See id.* (noting the assistance of a "well-qualified and experienced mediator" as indicative of the fairness of the proposed settlement); *see also Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 692 (S.D. Fla. 2014) (determining that the parties engaged in arm's length negotiations after "work[ing] extensively with a mediator").

5.  Having reviewed the Settlement Agreement, the Undersigned recommends that the Court preliminarily find that (1) the Settlement Agreement was reached after vigorous, arm's-length negotiations, and after substantial factual and legal analyses by the parties during the course of more than a year of litigation that included preliminary injunction briefing, multiple motions to compel, class certification motion practice, multiple evidentiary hearings with witness testimony, fact and expert discovery, and a special master's report; and (2) provides substantial benefits to all class members, especially in light of the risks associated with the litigation.

6.  Having considered the record, the Undersigned recommends that the Court preliminarily find that the Settlement Agreement is sufficiently within the range of reasonableness such that preliminary approval should be granted. Accordingly, the terms of the Settlement Agreement should be preliminarily approved as being fair,

reasonable, and adequate to the certified class. The Court should direct the Parties to proceed with the settlement pursuant to the terms and conditions of the Settlement Agreement, subject to this Court's authority to determine whether to grant final approval to the Settlement Agreement.

7. The Court should provide that all class members shall be bound by all determinations and judgments concerning the Settlement Agreement pending further order of the Court.

8. The Court's preliminary approval of the Settlement Agreement should be subject to further consideration at a hearing, which the Undersigned will hold after October 1, 2021 (the "Fairness Hearing"), **depending on whether United States District Judge Marcia G. Cooke approves this Report and Recommendations, preliminarily approves the settlement, and refers the Final Hearing to the Undersigned for a Report and Recommendations**. The Court should determine at or following the Fairness Hearing whether the proposed settlement is fair, reasonable, and adequate, and thereby worthy of final approval by the Court. **The date and time of the Fairness Hearing should be included in the Class Notice.** The Fairness Hearing should be held via Zoom, given the status of the COVID-19 pandemic.

9. The Court should direct that class members have until fourteen days before the Fairness Hearing to lodge objections to the settlement.

6

10. The Court should provide that, by no later than seven days before the Fairness Hearing, class counsel and counsel for Defendants file with the Court any additional papers in support of final approval of the settlement.

11. Following entry of an order preliminarily approving the settlement, the Court should **direct Defendants to post** within seven days the terms of the Settlement Agreement in English, Spanish, Haitian Creole, and French in conspicuous locations in every living unit, law library, and medical facility at each of the three detention facilities at issue in this action. The publication and posting of these notices should be performed at Defendants' expense, and the notices should remain available to detainees until the date of the Fairness Hearing. Defendants should be directed to file proof, by affidavit, of their compliance with the notice requirements set forth in this Order within seven days of the deadline for Defendants to give notice of the settlement.

12. The Court should provide that any class member may appear at the Fairness Hearing in person, through counsel (if a notice of appearance is filed and served), or through a duly authorized guardian or representative, and may be heard, to the extent allowed by the Court, in support of, or in opposition to, the fairness, reasonableness, and adequacy of the Settlement Agreement. The Court should further provide that unless such requirement is excused by the Court, no person shall be heard in opposition to the settlement unless, on or before fourteen days before the Fairness Hearing, such person has: (1) filed with the Court a letter including the class member's

7

name and address; a notice of intention to appear; a statement indicating the basis for the class member's opposition to the terms of the settlement and demonstrating that the objector is a class member; the signature of the class member, attorney, guardian, or representative, and, in the case of a guardian or representative, proof of the person's status as such; and (2) served copies of the foregoing upon the following counsel:

**Class Counsel**:
King & Spalding, LLP
Attn: Scott M. Edson, Esq.
1700 Pennsylvania Ave., N.W.
Suite 200
Washington, DC 20006-4707

**Counsel for the Defendants**:
U.S. Attorney's Office
Attn: Dexter A. Lee
99 N.E. 4th Street
Suite 300
Miami, Florida 33132

13. The Court should provide that, as specified in the Settlement Agreement, the parties shall bear their own costs, fees, and expenses in maintaining this action.

14. The Court should retain jurisdiction of this action for all purposes.

**OBJECTIONS**

The parties will have three days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Marcia G. Cooke. Each party may file a response to the other party's objection within three days of the objection.[1] Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the

---

[1] The Undersigned is <u>shortening the time for objections and responses</u> because the motion is a joint one, concerning an agreed settlement.

Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**DONE AND ORDERED** in Chambers, in Miami, Florida, on August 9, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All counsel of record