UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CARL O'NEAL
　　PETITIONER,
VS
MICHAEL W. MEADE
FIELD OFFICE DIRECTOR
IMMIGRATION AND CUSTOMS ENFORCEMENT

CASE #
20-21553-CIV-COOKE

**PETITIONER'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION FOR PROPOSED CLASS AND INCORPORATED MEMORANDUM OF LAW.**

NOW COMES PETITIONER, CARL O'NEAL PROCEEDING PRO SE, MEEKLY AND RESPECTFULLY REQUESTS THIS HONORABLE COURT TO GRANT EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION FOR PROPOSED CLASS AND INCORPORATED MEMORANDUM OF LAW.

## I.
### STANDARD OF REVIEW

PETITIONER REQUESTS A LIBERAL CONSTRUCTION OF PLEADING. THIS HONORABLE COURT RETAINS THE INHERENT POWER TO APPLY THE PROPER CONSTRUCTION OF GOVERNING LAW.

## II.
### LEGAL DISCUSSION

(1) ON DECEMBER 4, 2020, PETITIONER WAS DETAINED BY IMMIGRATION AND CUSTOMS ENFORCEMENT.
(2) PETITIONER'S IS HELD IN A COHORT QUARANTINE.
(3) PETITIONER'S TRANSFER WAS CONDUCTED HAPHAZARDLY.
(4) PETITIONER'S CANNOT SOCIAL DISTANCE.
(5) EDUCATION ON THE USE AND IMPORTANCE OF MASKS IS INCONSISTENT.

(6) COHORTING IS CONDUCTED IN A MANNER THAT SUBSTANTIALLY INCREASES THE RISK OF SPREAD OF THE CONTAGION.

(7) PETITIONER ARE CONCERNED THAT THE CROWDED CONDITIONS WILL RESULT IN CONTRACTING COVID-19 VIRUS.

(8) PETITIONER'S SLEEP ON BUNKBEDS LESS THAN A METER AWAY FROM OTHER DETAINEES.

(9) PETITIONER'S TYPICALLY EAT LESS THAN SIX FEET AWAY FROM OTHER DETAINEES.

(10) MOST STAFF MEMBERS DO NOT WEAR MASKS PROPERLY WHEN INTERACTING WITH DETAINEES.

(11) DOZENS OF DETAINEES ARE IN A POD SHARES ONE TOILET OR THE TOILETS ARE TOO CLOSE TOGETHER FOR SOCIAL DISTANCING TO OCCUR.

(12) PETITIONER'S ASSERT THREE CLAIMS (1) **FIFTH AMENDMENT** VIOLATION (VIOLATION OF DETENTION STANDARDS), (2) **FIFTH AMENDMENT** AND **EIGHT AMENDMENT** VIOLATIONS (VIOLATION OF RIGHT TO REASONABLE SAFETY); AND (3) **FIFTH AMENDMENT** VIOLATION (STATE-CREATED DANGER). THE **EIGHT AMENDMENT** PROHIBITS THE INFLICTION OF CRUEL AND UNUSUAL PUNISHMENT. ROBINSON VS CALIFORNIA, 370 U.S. 660, 82 S.CT. 1417, 8 L.Ed.2d 758 (1962). UNDER THAT PROVISION, THE GOVERNMENT MAY NOT IMPOSE PUNISHMENTS THAT SHOCK THE CONSCIENCE, INVOLVE UNNECESSARY AND WANTON INFLICTION OF PAIN, OFFEND EVOLVING NOTIONS OF DECENCY, OR ARE GROSSLY DISPROPORTIONATE TO THE OFFENSE FOR WHICH THEY ARE IMPOSED. SEE ESTELLE VS GAMBLE, 429 U.S. 97, 102-03, 97 S.CT. 285, 50 L.Ed.2d 251 (1976); GREGG VS GEORGIA, 428 U.S. 153, 173, 96 S.CT. 2909, 49 L.Ed.2d 859 (1976); TROP VS DULLES, 356 U.S. 86, 101, 78, S.CT. 590, 2 L.Ed.2d 630 (1958).

(13) THE MINIMUM STANDARD OF CARE TO BE PROVIDED TO CIVIL DETAINEES UNDER THE **DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT** IS THE SAME AS THAT ALLOWED BY THE **EIGHT AMENDMENT** FOR CONVICTED PERSONS. HAMM, 774 F.2d AT 1574; SEE ALSO BELL VS WOLFISH, 441 U.S. 520, 535 n.16, 99 S.CT. 1861, 60 L.

Ed. 2d 447 (1979). (Holding that the due process rights of a civil detainee are at least as great as the Eight Amendment protections available to a convicted prisoner). The Due Process Clause similarly "imposes a duty on state actors to protect or care for citizens when the state affirmatively places a particular individual in a position of danger the individual would not otherwise have faced". Gregory vs City of Rogers, Ark. 974 F.2d 1006, 1010 (8th Cir. 1992).

(14) Immigration detainees are subject to the same rights as civil detainees Mehmood vs Guerra, 783 F. App'x 938, 941 (11th Cir. 2019). (Holding that the district court improperly classified immigration detainee as a prisoner rather than as a (civil detainee). And civil detainees are afforded "more constitutional protection, more considerate treatment, and conditions of confinement than criminals whose conditions of confinement are designed to punish" Youngberg vs Romeo, 457 U.S. 307, 321-22, 102 S. Ct. 2452, 73 L. Ed. 2d 28 (1982). The government may not impose on civil detainees conditions that would violate a convicted prisoner's Eighth Amendment rights. Various conditions, "alone or in combination, may deprive inmates/detainees of the minimal civilized measure of life's necessities. Such conditions could be cruel and unusual under the comtemporary standard of decency." Rhodes vs Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981).

(15) It is well established that the deprivation of constitutional rights "unquestionably constitutes irreparable injury". Elrod vs Burns, 427 U.S. 347, 373, 96 S. Ct. 2673, 49 L. Ed. 2d 547 (1976). Petitioner's have established he will suffer irreparable harm of increased likelihood of severe illness and death if a preliminary injunction is not entered. The Constitution protects

(4)

THOSE IN DETENTION AGAINST "A CONDITION OF CONFINEMENT THAT IS SURE OR VERY LIKELY TO CAUSE SERIOUS ILLNESS AND NEEDLESS SUFFERING THE NEXT WEEK OR MONTH OR YEAR". HELLING VS MCKINNEY, 509 U.S. 25, 33, 113 S. CT. 2475, 125 L. Ed. 2d 22 (1993). (IT WOULD BE AN ERROR FOR FUNDAMENTAL REASON TO DENY PETITIONER AN INJUNCTION WHO UNEQUIVOCALLY DEMONSTRATE AN UNSAFE, LIFE-THREATENING CONDITION IN DETENTION ON THE GROUNDS THAT NOTHING YET HAD HAPPENED TO HIM; SEE ALSO W. ALABAMA WOMEN'S CTR. VS MILLER, 217 F. Supp. 3d 1313, 1334 (M.D. ALA. 2016).

(18) PETITIONER'S DEMONSTRATE THAT MY SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS HAVE BEEN VIOLATED. THESE CLAIMS AROSE FROM UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT IN DETENTION FACILITY FEDERAL RULE OF CIVIL PROCEDURE 23(b)(2).

### iii
### CONCLUSION

WHEREFORE, IT IS THE PRAYER OF THE HUMBLE PETITIONER THAT THIS HONORABLE COURT GRANTS EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION FOR PROPOSED CLASS AND INCORPORATED MEMORANDUM OF LAW AND ALL OTHER RELIEFS THIS HONORABLE COURT DEEMS JUST AND PROPER IN THE PREMISE.

RESPECTFULLY SUBMITTED
CARL O'NEAL #A097506241
KROME SERVICE PROCESSING CENTER
18201 SW 12TH STREET
MIAMI, FLORIDA
33194

(5)

## DECLARATION OF PETITIONER

I CARL O'NEAL, PETITIONER PROCEEDING PRO SE, HEREBY DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT EXECUTED THIS DAY OF SEPTEMBER 30, 2021.

CARL O'NEAL #A097506241
KROME SERVICE PROCESSING CENTER
18201 SW 12TH STREET
MIAMI, FLORIDA 33194
09-30-2021

*/signature/*

CARLOS NEFF #A016062H
KROME SERVICE PROCESSING CENTER
18201 SW 12TH STREET
MIAMI, FLORIDA
33194

OFFICE OF THE CLERK
UNITED STATES DISTRICT C[OURT]
JAMES LAWRENCE KING FEDER[AL]
99 N.E. FOURTH STREET R[OOM]
MIAMI, FLORIDA
33132

CERTIFIED MAIL
7020 1290 0000 7272 3495

OCT - 6 2021

USMS INSPECTED
By

