UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-21553-Civ-COOKE/GOODMAN

PATRICK GAYLE, *et al.*,

      Petitioners,

vs.

MICHAEL W. MEADE, *et. al.*,

      Respondents.
_____/

### ORDER CONSTRUING PETITIONER GEORGE MONSOUR'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION FOR PROPOSED CLASS TO BE AN OBJECTION TO THE PROPOSED SETTLEMENT, DENYING THE MOTION WITHOUT PREJUDICE, AND REFERRING SAID OBJECTION TO U.S. MAGISTRATE JUDGE JONATHAN GOODMAN

**THIS MATTER** is before the Court on Petitioner George Monsour's Emergency Motion for Temporary Restraining Order and Motion for Injunction for Proposed Class (ECF No. 797) filed November 23, 2021. The Court has reviewed the Emergency Motion and notes that it raises the same issues and concerns that have been extensively argued and litigated throughout the pendency of this case. More specifically, in part, Petitioner George Monsour ("Petitioner"), proceeding *pro se*, argues that he is entitled to a temporary injunction and preliminary injunction because: 1) he cannot social distance in the Krome Detention Center; 2) education on the use and importance of masks is inconsistent; 3) he is concerned that overcrowding at the detention center will result in him contracting COVID-19; 4) detainees typically eat less than six feet away from each other; 5) detainees sleep on bunk beds less than one meter apart; 6) he is being held in cohort quarantine; 7) his transfer was conducted haphazardly; and 8) detention center staff do not wear masks properly when interacting with detainees. *See generally*, ECF No. 790.

      The Court has already issued a preliminary injunction in this case that addresses some, if not all, of the concerns and arguments raised in Petitioner's Motion. *See* ECF Nos. 158, 608, and 611. Moreover, this case has preliminarily settled (*See* ECF Nos. 642 and 698). As part of that settlement, the Undersigned referred this matter to Judge Goodman for a report and

recommendation as to the fairness of the proposed settlement given the implications such a settlement would have on class members. *See* ECF No. 703. As a detainee at the Krome Detention Center, Petitioner is a member of the proposed settlement class. As such, the Court shall construe Petitioner's Motion to be an Objection to the proposed settlement and, therefore, refer it to Judge Goodman as he finalizes his report and recommendation regarding the fairness of the proposed settlement in this case. Accordingly, it is hereby **ORDERED and ADJUDGED** that Petitioner George Monsour's Emergency Motion for Temporary Restraining Order and Motion for Injunction for Proposed Class (ECF No. 797) is construed as an Objection to the proposed settlement and thereby **DENIED WITHOUT PREJUDICE**. The Court, moreover, refers Petitioner's construed Objection to the Honorable Jonathan Goodman for consideration with respect to the fairness of the proposed settlement.

**DONE and ORDERED** in Chambers at Miami, Florida this 2nd day of December 2021.

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*
*George Monsour, pro se*