UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

XCHEL A. LEAL-RUBIO

PETITIONER,

VS

CASE # 20-21553-CIV-COOKE

MICHAEL W. MEADE

FIELD OFFICE DIRECTOR

IMMIGRATION AND CUSTOMS ENFORCEMENT

PETITITONER'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION FOR PROPOSED CLASS AND INCORPORATED MEMORANDUM OF LAW.

Now comes petitioner, XCHEL A. LEAL-RUBIO proceeding Pro Se, Meekly and respectfully Requests this honorable court to grant emergency motion for preliminary injunction for proposed class and incorporated memorandum of law.

I.
STANDARD OF REVIEW

Petitioner requests a liberal construction of pleading. This honorable court retains the inherent power to apply the proper construction of governing law.

II.
LEGAL DISCUSSION

1. On August 6, 2021, Petitioner was detained by Immigration and Customs Enforcement.
2. Petitioner is held in a cohort quarantine
3. Petitioner's transfer was conducted haphazardly
4. Petitioner cannot social distance
5. Education on the use and importance of masks is inconsistent
6. Cohort is conducted in a manner that substantially increases the risk of spread of the contagion
7. Petitioner is concerned that the crowded conditions will result in contracting Covid-19 virus
8. Petitioner sleeps on bunk beds less than a meter away from other detainees

1

9. Petitioner typically eats less than six feet away from other detainees.
10. Most staff members do not wear masks properly when interacting with detainees
11. Dozens of detainees are in a pod and shares one toilet or the toilets are too close together for social distancing to occur.
12. Petitioner assert three claims: (1) FIFTH AMENDMENT violation (violation of detention standards), (2) FIFTH AMENDMENT AND EIGHT AMENDMENT violations (violation of right to reasonable safety), and (3) FIFTH AMENDMENT violation (STATE-CREATED DANGER.) The EIGHT AMENDMENT prohibits the infliction of cruel and unusual punishment. ROBINSON VS CALIFORNIA, 370 U.S. 660, 82 S.CT.1417, 8L.Fd.2d 758 (1962). Under that provision, the government may not impose punishments that shock the conscience, involve unnecessary and wanton infliction of pain, offend evolving notions of decency, or are grossly disproportionate to the offense for which they are imposed. See ESTELLE VS GAMBLE, 429 U.S.97, 102-03, 97 S.CT.285, 50 L.Ed.2d 251(1976); GREGG VS GEORGIA, 428 U.S. 153, 173, 96 S.CT.2909, 49L.Ed.2d. 859 (1976); TROP VS DULLES, 356 U.S. 86, 101, 78, S.CT.590, 2L.Ed.2d 630 (1958).
13. The minimum standard of care to be provided to civil detainees under the DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT is the same as that allowed by the EIGTH AMENDMENT for convicted persons. HAMM, 774 F.2d AT 1574; See also BELL VS WOLFISH, 441 U.S.520, 535n.16, 99S.CT.1861 60.L.Ed.2d 447 (1979). (Holding that the due process rights of a civil detainee are at least as great as the EIGHT AMENDMENT protections available to a convicted prisoner). The DUE PROCESS CLAUSE similarly **"imposes a duty on state actors to protect or care for citizens when the state affirmatively places a particular individual in a position of danger the individual would not otherwise have faced"**. GREGORY VS CITY OF ROGERS, ARK.974F.2d1006, 1010 (8TH CIR. 1992).
14. Immigration detainees are subject to the same rights as civil detainees MEHMOOD VS GUERRA, 783F.APP'x938, 941 (11TH CIR.2019). (Holding that the district court improperly classified immigration detainee as a prisoner rather than as a civil detainee). And civil detainees are afforded **"MORE CONSTITUTIONAL PROTECTION, MORE CONSIDEARTE TREATMENT, AND CONDITIONS RATHER THAN CRIMINALS WHOSE CONDITIONS OF CONFINEMENT ARE DESIGNED TO PUNISH"** YOUNGBERG VS ROMEO, 457 U.S.307,321-22,102S.CT.2452,73L.Ed.2d28(1982). The government may not impose on civil detainees conditions of confinement that would violate a convicted prisoner's EIGHT AMENDMENT RIGHTS. Various conditions, "Alone or in combination, may deprive inmates/detainees of the minimal civilized measure of life's necessities. Such conditions could be cruel and unusual under the contemporary standard of decency." RHODES VS CHAPMAN, 452 U.S.337, 347, 101S.CT.2932, 69L.Ed.2d59 (1981).
15. It is well established that the deprivation of constitutional rights "unquestionably constitutes irreparable injury". ELROD VS BURNS, 427 U.S., 347, 373, 96S.CT.2673, 49L.Ed.2d 547 (1976).

Petitioner has established he will suffer irreparable harm of increased likelihood of severe illness and death if a preliminary injunction is not entered. The constitution protects those in detention against **"A condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year"**. HELLING VS MCKINNEY, 509 U.S.25, 33, 113S.CT.2475, 125L.Ed.2d 22(1993). (It would be an error for fundamental reason to deny petitioner an injunction that equivocally demonstrates an unsafe, life-threatening condition in detention on the grounds that nothing yet had happened to him; See also W.ALABAMA WOMEN'S CTP. VS MILLER, 217F.SUPP.3d1313, 1334 (M.D.ALA.2016).

16. Petitioner demonstrates that my substantive and procedural Due Process Rights have been violated. These claims arose from unconstitutional conditions of confinement in detention facility FEDERAL RULE OF CIVIL PROCEDURE 23(6)(2).

iii
*CONCLUSION*

Wherefore the petitioner pleads that this honorable court grants emergency motion for temporary restraining order and motion for preliminary injunction for proposed class and incorporated memorandum of law and all other reliefs this honorable court deems just and proper in the premise.

RESPECTFULLY SUBMITTED
XCHEL A. LEAL-RUBIO A#204-541-017
KROME SERVICE PROCESSING CENTER
18201 SW 12TH STREET MIAMI, FLORIDA 33194

## DECLARATION OF PETITIONER

I XCHEL A. LEAL-RUBIO, petitioner proceeding Pro Se, hereby declare under the penalty of perjury that the foregoing is true and correct executed this day of January 25, 2022.

XCHEL A. LEAL-RUBIO A#204-541-017

KROME SERVICE PROCESSING CENTER
18201 SW 12TH STREET MIAMI, FLORIDA 33194

01/25/2022